In the Matter of the Estate of LENA B. KATZ, Deceased.

Surrogate's Court, New York County, April 15, 1926.

Gifts — gift inter vivos — decedent left letter directing disposition of estate — letter purported to give claimant certain property — husband of decedent told claimant to take letter and do as directed — evidence shows he believed letter to be equivalent to will — no proof that husband intended to give balance of his interest in estate above amount he received as set out in letter — claimant who is executrix is surcharged with interest on amount deposited in non-interest bearing account.

A gift *inter vivos* to the claimant of the balance of the decedent's estate which otherwise would have gone to decedent's husband was not established in this case, since it appears that the decedent left a letter in which she directed the disposition of her property and in which she directed that her husband should be paid $2,500 and that $3,000 and jewelry should be given to the claimant; that the decedent's husband delivered the letter to the claimant and told her to do as it directed; that decedent's husband evidently believed that the letter constituted a valid testamentary disposition of his wife's property and did not understand that he was entitled to receive his wife's property contrary to the terms of the letter; and that, therefore, there was no evidence to establish that he acted intelligently in telling the claimant to do as the letter directed, and since there is no testimony by any of the witnesses that the decedent's husband told the claimant that he was giving her the balance of his wife's estate above the $2,500 directed to be paid to him by the letter.

The claimant who is administratrix is chargeable with interest at four per cent on the amount which she assumed had been given to her and which was placed in a non-interest bearing bank account.

MOTION to confirm report of referee sustaining gift by husband of decedent to claimant.

*Alexander S. Drescher*, for the administratrix.

*Dudley E. Latham*, for the executor.

O'BRIEN, S. This is a motion to confirm a referee's report. An exception has been filed to that part of the report which sustains

the claim of Sara R. Baum, a sister of the decedent, that there was a valid gift made to her by Marks Katz, the husband of the decedent, of the balance of his interest in the decedent's estate above the sum of $2,500. The decedent, Lena B. Katz, died on December 9, 1922, intestate, without issue, survived by her husband, Marks Katz, her sisters, Sara R. Baum and Betty Baum, and her brother, Aaron Baum. Marks Katz died on November 26, 1923, leaving a will dated January 16, 1923, which appointed Walter K. Hirschbach, the objectant herein, executor of his estate. After the death of the decedent, Lena B. Katz, there was found in an envelope addressed to Marks Katz and Sara R. Baum a letter which read as follows:

" *July,* 1922.

" I give to my sister Bettie the bankbook already in trust for her in ' Bank for Savings.'

" After all expenses are paid, cemetery plots in condition with seat and entrance and such gate as is necessary, stones set, etc. I give to my sister Sara R. the sum of Three thousand dollars and all my jewelry.

" To my husband Marks Katz the sum of Two thousand five hundred dollars, and he shall take care of graves, including sister Henrietta.

"LENA B. KATZ.

" I also ask my sister Sara R. to act as executrix with my husband in settling things, as Max is very nervous at times.

" LENA B. KATZ."

This letter was not executed in accordance with the formalities required by our statutes and was not offered for probate as her last will and testament.

At the hearing before the referee one Amelia Roadt, a close friend and business associate of Sara R. Baum, testified substantially as follows: That on December 12, 1922, at the home of decedent, Marks Katz handed the letter (above quoted) to Sara R. Baum, who read it and handed it back to him. He then read it and stated that he wanted his wife's wishes carried out; that he then brought out the bank books and handed them to Sara R. Baum, and told her that he wanted her to do everything that Lena Katz wanted to have done; that he was perfectly satisfied that she, Sara R. Baum, should do everything; that all he wanted was the sum of $2,500 for himself, and she, Sara R. Baum, was to take care of everything in every way.

Aaron Baum, brother of Sara R. Baum, the only other person present at that time, except Betty Baum, who died prior to the

accounting, testified in her behalf substantially as follows: " She [meaning Sara R. Baum] opened the letter and read it to Katz, and asked him what he thought of it. He said it is just what she wanted and it was perfectly right. * * * That he was getting more than he deserved out of this money; that he did not think he would get a penny. Then I said to him that it would be foolish if she left you without a penny. Well, he said, it was all hers and she had a perfect right to do with it what she liked. * * * He told my sister Sara to do what she wants with everything; it was in her power and he was satisfied with everything. * * * He gave her the bankbooks. * * * He said, here Sara, take care of these books and do as the letter tells you to do, and take charge of the headstone and something that was mentioned in the letter, and you see to everything because I am not able to attend to it, and you attend to it. Whatever you do is perfectly right. * * * "

On January 9, 1923, Marks Katz renounced his right to letters of administration and Sara R. Baum was appointed administratrix of the decedent's estate. On March 5, 1923, the sum of $2,500 was paid to Marks Katz. Upon this testimony Sara R. Baum seeks to establish a claim that Marks Katz made a gift to her of whatever interest he had in his wife's estate over and above the $2,500 directed to be paid to him by said letter.

Aside from the testimony of these two witnesses, there is no evidence to establish a gift from Marks Katz to Sara R. Baum of any portion of his interest in his wife's estate. The testimony of Amelia Roadt, the personal friend and business associate of Sara R. Baum, should be carefully weighed; but even taking it as the testimony of a wholly disinterested person, it is not sufficient evidence of a gift. The testimony of Aaron Baum, if anything, weakens such contention. He testified that Marks Katz said to Sara R. Baum: " take charge of the bankbooks and do as the letter tells you to do, as I am not able to attend to it." It should also be noted that in no part of the testimony are there found any direct words of gift or any words expressing an intention to make a gift. The delivery of the bank books by Marks Katz, under the circumstances disclosed, does not of itself constitute a gift of such bank books to Sara R. Baum. The fair and reasonable presumption deducible from the evidence is that Marks Katz was under the impression that the letter of the decedent constituted a valid last will and testament, and that when he delivered the bank books to Sara R. Baum, with instructions to carry out the terms of the letter, he was merely doing what the letter required him to do if the letter had been in fact a will.

It is very significant, furthermore, that in his will, executed soon after the death of the decedent and about a week subsequent to the appointment of Sara R. Baum as administratrix of the estate of decedent, Marks Katz bequeathed the residue of his estate " including such sums as I am entitled to under the last will and testament of my wife, Lena B. Katz," in equal shares to his sisters and brother. This provision of the will of Marks Katz strengthens the conclusion that he believed the letter of decedent to be her last will and testament, by the terms of which he was entitled to the sum of $2,500 only, and that he believed he had no further interest in her estate. The net estate amounts to $6,220.67.

The exception of the objectant to this finding and conclusion of the referee is, therefore, sustained.

The referee further reported that by reason of the finding that there had been a gift Sara R. Baum was not required to account as administratrix for interest on the funds of the estate deposited in the Fifth Avenue National Bank. It appears that no interest had been allowed by this bank. To this finding and conclusion of the referee an exception has also been taken by the executor of the estate of Marks Katz. This exception, in view of this decision, must be sustained. The administratrix will be surcharged with interest at the rate of four per cent (the average rate of interest paid on deposits by savings banks) on the funds of the estate in her hands.

The referee's report is modified in accordance with this decision, and as so modified confirmed. The decree should provide for the payment to the executor of the estate of Marks Katz as his distributive share in the decedent's estate under the Statute of Distribution of a sum equal to one-half of the net estate, plus the sum of $2,000, less, however, the sum of $2,500 heretofore paid to him. Submit decree accordingly.