In the Matter of the Accounting of THOMAS B. GILCHRIST, as Ancillary Executor of JEAN F. d'ESPINAY-DURTAL, Deceased. JOHN W. HARRIS et al., Appellants-Respondents; THOMAS B. GILCHRIST et al., Respondents, and CADWALADER, WICKERSHAM & TAFT, Respondents-Appellants.

First Department, June 11, 1957.

*William T. Griffin* for John W. Harris and another, appellants-respondents.

*Laurence Rosenthal* of counsel (*Strasser, Spiegelberg, Fried & Frank,* attorneys), for Charles L. d'Espinay-Durtal, appellant-respondent.

*Thomas B. Gilchrist* of counsel, in person (*Bouvier Beale* and *Cyril Crimmins* with him on the brief; *Bleakley, Platt, Gilchrist & Walker,* attorneys), for Thomas B. Gilchrist, respondent.

*Hampton D. Ewing, Jr.,* of counsel (*Cadwalader, Wickersham & Taft,* attorneys, in person), for Cadwalader, Wickersham & Taft, respondents-appellants.

*Per Curiam.* The appeal from the decree is affirmed insofar as it concerns the fixation of counsel fees (ordering pars. 2, 3, 4, 5, 6 and 7). This is without prejudice to any claim or allowance of fees for services rendered in a proceeding pending in the Supreme Court, both in connection with the *inter vivos* trust and the tax problems.

It is not disputed that the ancillary executor received and retained as principal a sum slightly in excess of $100,000 in cash from April, 1952 to May, 1956. During that four-year period, he neither invested any part of that sum, nor did he arrange for its deposit in any interest-bearing account. The record is barren of any plausible reason or excuse for his neglect to arrange at the very least for the deposit of the money in savings or other accounts so that some return thereon would be available to the beneficiaries.

Fiduciaries may not permit funds in their possession to lie fallow, if they are not required for the payment of claims or expenses and are not necessary for distribution within a reasonably short time (*Matter of Katz,* 127 Misc. 16, affd. 219 App. Div. 783; *Matter of Rathbone,* 5 Misc 2d 717 and cases cited).

Under the circumstances, we must hold that he be surcharged for his neglect. Since the Surrogate initially disallowed the claim for the surcharge, no proof was taken as to the rate of interest, the amount to be surcharged and as to which of the contestants, if not all, are entitled to participate in it.

The proceeding is therefore remanded to the Surrogate for determination of these matters. The decree appealed from should be modified in accordance with this opinion and otherwise affirmed. Settle order.

BREITEL, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Decree unanimously modified in accordance with the opinion herein and otherwise affirmed, and the proceeding remanded to the Surrogate. Settle order on notice.