Matter of Damiano (2026 NY Slip Op 00297)

Matter of Damiano

2026 NY Slip Op 00297

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CV-24-1875
[*1]In the Matter of the Trusts Created by the Will of Jennifer Damiano, Deceased. Delia Maroney, Appellant; Janet Dunn, as Trustee, Respondent.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Salazar and Erikson, LLP, East Greenbush (Dana L. Salazar of counsel), for appellant.
Harris Beach Murtha Cullina PLLC, Albany (Meaghan T. Feenan of counsel), for respondent.
Aaron F. Carbone, Delmar, guardian ad litem.

Fisher, J.
Appeals (1) from an order of the Surrogate's Court of Columbia County (Brian Herman, S.), entered September 26, 2024, which dismissed petitioner's application, in a proceeding pursuant to SCPA article 7, to remove respondent as trustee, and (2) from an order of said court, entered October 21, 2024, which awarded respondent counsel fees.
Petitioner and Jennifer Damiano (hereinafter decedent) were domestic partners and shared two children. Following their separation, decedent executed a last will and testament leaving her property to her children, to be held in separate trusts until each child reached the age of 25. Decedent named respondent, her friend of approximately 30 years, as trustee and another individual as successor trustee. As relevant here, the trustee was to have "complete discretion" to exercise certain powers in managing the trusts, including the ability to retain or invest any property, make any distribution or employ legal counsel. Decedent also designated an executor and successor executor, and appointed petitioner to be the guardian of the children.
In April 2020, decedent passed away before either child reached the age of 25. Following litigation involving the estate and the resignations of the nominated executors, petitioner became administrator of decedent's estate and guardian of the children. Respondent became trustee and hired legal counsel to assist with trust administration; she funded and began managing each trust account in March 2023. Thereafter, a dispute arose between petitioner and respondent relating to the way each trust was being managed, and their relationship became acrimonious. Petitioner then commenced this proceeding in Surrogate's Court seeking an order (1) removing respondent as trustee and appointing the estate counsel's daughter — also a lawyer in the same law firm — as successor trustee, (2) directing respondent to reimburse both trusts for excessive legal fees, and (3) awarding counsel fees to petitioner in connection with the removal proceeding. Surrogate's Court appointed a guardian ad litem (hereinafter GAL) for the children and, following the final report from the GAL and submissions by both parties, determined that the petition was unsupported by the facts, lacked good faith and had no basis in law. As a result, Surrogate's Court denied all the relief sought in the petition and ordered petitioner to personally pay the legal fees respondent incurred while defending the petition (hereinafter the first order). Respondent then submitted an affirmation of legal services, which Surrogate's Court granted in total (hereinafter the second order). Petitioner appeals.
In a matter involving a testamentary trust, the party seeking removal of a trustee bears the burden of demonstrating that the trustee "has violated or threatens to violate his [or her] trust or is insolvent or his [or her] insolven[c]y is apprehended or is for any other cause deemed an unsuitable person to execute the trust" (SCPA 711 [10]; see [*2]Matter of Joan Moran Trust, 166 AD3d 1176, 1179 [3d Dept 2018]). Importantly, "[w]hen evaluating a trustee's conduct, the relevant inquiry is whether the trustee has negatively impacted the trust or failed to serve the purpose of the trust" (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1573 [3d Dept 2019]; see Matter of Levinson, 166 AD3d 1196, 1197-1198 [3d Dept 2018]). To this point, "[n]ot every breach of fiduciary duty warrants removal, and courts are generally hesitant to exercise the power to remove a fiduciary, as such action constitutes a judicial nullification of the testator's choice" (Matter of Collins, 36 AD3d 1191, 1193 [3d Dept 2007] [internal quotation marks and citation omitted]). Moreover, "[a]lthough discord between the trustee and others involved with the trust, standing alone, is typically an insufficient basis for removal, such conflict may support removal if the conflict thwarts proper administration of the trust or otherwise subverts the purpose of the trust" (Matter of James H. Supplemental Needs Trusts, 172 AD3d at 1573). "Accordingly, the rule has long prevailed that courts are required to exercise the power of removal sparingly and to nullify the testator's choice of [trustee] only upon a clear showing of serious misconduct that endangers the safety of the estate; it is not every breach of fiduciary duty that will warrant removal of [a trustee]" (Matter of Duke, 87 NY2d 465, 473 [1996] [internal quotation marks, brackets and citations omitted]; see Matter of McNeil, 233 AD3d 1231, 1236 [3d Dept 2024]).
Here, petitioner alleges that respondent should be removed as trustee of the two testamentary trusts due to her long delay in depositing estate distributions into an interest-bearing account for each trust, for failing to distribute funds from either trust account for the benefit of each child and for using trust funds to pay excessive legal fees for tasks that did not require legal counsel. We disagree. The record reflects that respondent deposited the estate distribution checks on the same day that she received them in March 2023, researched appropriate accounts, consulted with legal counsel and ultimately transferred a portion of each trust into an interest-bearing savings account in August 2023 while retaining a portion in a checking account for expenses that come due. Given that respondent had "complete discretion" to "retain" or "invest" such trust property, we cannot say that such perceived delay was unreasonable or caused by a lack of diligent and prudent efforts, and the cases relied on by petitioner are inapposite (see Cooper v Jones, 78 AD2d 423, 428-429 [4th Dept 1981] [approximately a four-year delay; applying surcharge, not removing fiduciary]; Matter of d'Espinay-Durtal, 4 AD2d 141, 142-143 [1st Dept 1957] [over four-year delay; remanding for determination of surcharge, not for removal of fiduciary]).
Nor can we say that respondent improperly withheld distributions requested by petitioner for [*3]either child, as the record further demonstrates that petitioner failed to comply with respondent's reasonable requests to provide invoices or bills for each disbursement. Rather than doing so, petitioner's emails to respondent became more acrimonious and hostile — including communications via telephone or email directly to respondent's counsel or law firm which necessitated "significant time" from counsel to address. Although the GAL agrees with petitioner that these legal fees became excessive based on the size of the corpus of each trust, the GAL nonetheless explained that such legal fees were made in "good faith" to "protect" respondent from petitioner's "litigiousness." Based on our review of the record and recognizing "that the evaluation of what constitutes a reasonable [counsel] fee is a matter within the sound discretion of the Surrogate, who is in a far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required" (Matter of Drossos, 26 AD3d 602, 602-603 [3d Dept 2006] [internal quotation marks, brackets and citations omitted], lv denied 7 NY3d 702 [2006], appeal dismissed 7 NY3d 807 [2006]), we discern no abuse of discretion in Surrogate's Court's determination that respondent's legal fees were not excessive (see Matter of Ellen C. Stark Charitable Trust, 223 AD3d 951, 953 [3d Dept 2024]; Matter of Klein, 285 AD2d 718, 719 [3d Dept 2001]). Accordingly, given that petitioner has failed to demonstrate a basis through competent evidence, Surrogate's Court properly denied petitioner's application seeking removal of respondent as trustee (see Matter of Joan Moran Trust, 166 AD3d at 1180-1181; Matter of Giles, 74 AD3d 1499, 1503-1504 [3d Dept 2010]; see also Matter of Epstein, 202 AD3d 674, 676-677 [2d Dept 2022]).
Lastly, petitioner contends that Surrogate's Court erred in ordering petitioner to personally pay respondent's legal fees in defending the petition and without an opportunity to be heard pursuant to 22 NYCRR 130-1.1 (d).[FN1] By determining that the filing of the petition lacked good faith, had no basis in law and that alleged facts were found to be untrue, Surrogate's Court was within its discretion to impose financial sanctions in the form of reimbursement of reasonable counsel fees on petitioner personally (see 22 NYCRR 130-1.1 [a], [c]). In reaching this conclusion in the first order, Surrogate's Court requested that respondent submit an affirmation of legal services, on notice to petitioner's counsel. Despite requiring such affirmation to be on notice, Surrogate's Court issued the second order three days later and the record does not contain a response from petitioner. As such, we are constrained to agree with petitioner that she should have a "reasonable opportunity to be heard" on the propriety of such legal services and therefore remit the matter for same (22 NYCRR 130-1.1 [d]; see Pilatich v Town of New Baltimore, 170 AD3d 1463, 1465 [3d Dept 2019]). We have examined [*4]petitioner's remaining contentions and have found them to be academic or without merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Corcoran, JJ., concur.
ORDERED that the order entered September 26, 2024 is affirmed, without costs.
ORDERED that the order entered October 21, 2024 is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Columbia County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although counsel for petitioner contended during oral argument that it was unclear that respondent was seeking counsel fees for frivolous conduct or that Surrogate's Court was considering sanctions until she received the first order, this is belied by the record — including petitioner's reply, which specifically opposed respondent's "request for sanctions and attorney[']s fees" associated with the defense of the petition.