**In re Estate of Dana P. Allen**

[272 A.2d 130]

No. 165-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, J.J.

Opinion Filed December 1, 1970

*Divoll & Buckley,* Bellows Falls, for Appellants.

*Weber & Fisher,* Brattleboro, for Appellees.

**Smith, J.** The question presented by this appeal is, does the Probate Court have the power and authority to determine whether the heirs of a deceased owner of real estate are in possession or entitled to re-enter or maintain an action to recover possession of said real estate, all as conferred by 14 V.S.A. §§ 1802 and 1803.

A petition was filed in the Probate Court for the District of Marlboro by Lyle W. Bemis and Margaret F. Bemis on September 23, 1968, setting forth that they were record title holders,

and in possession, of certain real estate in the Town of Stratton. The relief sought was a hearing in accordance with 14 V.S.A. §§ 1801, 1802, 1803 and 1804 to determine whether the heirs or personal representatives of Dana P. Allen, deceased, had a right of possession, re-entry or to the maintenance of a suit to the property alleged to be possessed by the petitioners.

After due notice to the heirs of the late Dana P. Allen, a hearing was held in the probate court upon the petition at which hearing the heirs and their legal representatives did not appear. After said hearing, but before the probate court had filed its findings, judgment and order, the appellants here filed a motion to dismiss the petition. The probate court denied the motion and proceeded to file its findings, judgment and order on November 5, 1969. The appellants are here on their appeal from the denial of their motion to dismiss the petition.

We believe that the issues presented can be more clearly understood if a brief summary of the undisputed factual situation existing at the time of the hearing be related before a consideration of the statutes involved.

The lands, ownership of which was sought to be determined in the probate court proceedings, are located in Stratton, Vermont. In 1934, the land was owned by Dana P. Allen, consisting of one plot of seven acres and another of fifty acres. On April 12, 1934, Allen contracted to give to one Merrill A. Stark the seven-acre plot for care furnished him, but no legal conveyance of the property was ever made.

On October 8, 1945, Ernest F. Berry, Administrator of the Estate of Merrill A. Stark, conveyed all the premises owned by Dana P. Allen, including both pieces of property, to Mary Stark. This same property has since been conveyed by various owners in the chain of title until it was deeded to Elmer W. Bemis on March 4, 1961. Elmer Bemis, in turn, conveyed the premises to the present petitioners. All of such deeds in the line of conveyance were duly recorded in the land records of Stratton.

The fact is not in dispute here that Dana P. Allen has been dead for more than seven years and that during his lifetime he never conveyed the disputed premises to another, nor was the estate of Dana P. Allen ever administered in the probate court as far as the real estate was concerned.

In its findings, judgment and order, the probate court found that the record title to the disputed property was in the name of Dana P. Allen, but that there had been adverse possession of the property by the petitioners and their predecessors in title for more than fifteen years, and appointed an administrator for the Estate of Dana P. Allen to convey the record title to the property to the petitioners.

The statutes, upon which the action of the probate court is based, are 14 V.S.A. §§ 1801 and 1802, which have not previously been interpreted by this Court.

14 V.S.A. § 1801. "TITLE IN DECEASED PERSONS; PETITION TO PROBATE COURT.

When the record title to real estate or an interest therein stands in the name of a person who has been deceased for more than seven years and the estate of such person has not been administered in the probate court, so far as such real estate is concerned and the interest of the heirs in such real estate has not been conveyed or has been defectively conveyed, the probate court of the district where such real estate is situated, upon petition and hearing, shall determine whether such deceased person or his heirs are possessed of an existing enforceable title or interest in such real estate."

14 V.S.A. § 1802. "DETERMINATION BY COURT OF PERSONS ENTITLED TO ESTATE.

If the court shall determine that the heirs or personal representatives of the deceased person are not at the time of such hearing in possession of the real estate and are not entitled to re-enter the same or to institute and maintain a suit to recover possession thereof, the court shall adjudge and decree that the real estate constitutes no beneficial part of the estate of such deceased person and may appoint an administrator to convey the record title of the real estate to the person or persons adjudged by it to be legally entitled thereto."

 We quote from *In Re: Will of Gemma Prudenzano,* 116 Vt. 55, 60, 68 A.2d 704 (1949), (quoted citation omitted.) :

"Certain general rules have been formulated concerning the jurisdiction of the probate court. It does not

proceed according to the common law, but has a special and limited jurisdiction given by statute, and if it appears on the face of the proceedings that it has acted in a manner prohibited or not authorized by law, its orders and decrees are absolutely void and may be treated as a nullity. Nothing is presumed in favor of its jurisdiction and such jurisdiction must be made affirmatively to appear by one who seeks to take advantage of its proceedings."

In general, a probate court cannot determine a question of title to real property unless such question arises collaterally as a necessary incident to the determination of other matters within the probate jurisdiction.

The appellants advance the argument that the petitioners are trying to quiet title to real estate to which they have a deed, rather than attempting to settle the Allen Estate. They assert that the proper forum for the petitioners is in the court of chancery, but, as was held *In Re: Will of Gemma Prudenzano, supra,* 116 Vt. at 61, the jurisdiction of the court of chancery in probate matters is not original, but special and limited, and only in aid of the probate court when the powers of that court are inadequate.

It is true that if the petitioners held record title to the disputed property, as they alleged in their complaint, they could not seek the relief provided by the statute. But the probate court found that it was the late Dana P. Allen, and not the petitioners, who held the record title to the real estate.

■ The Legislature, by its enactment of 14 V.S.A. §§ 1801 and 1802, has granted the statutory power to a probate court to try and determine question of title to real estate, but limited to special and specific factual circumstances. Jurisdiction is only granted to the probate court when the title to real estate is in the name of a person who has been deceased for seven years, who made no conveyance of such property during his lifetime, and whose interest in such real estate has not been administered in the probate court. A further restriction on the jurisdiction of the probate court in such matters is that the heirs of the deceased have made no conveyance of their interest in the real estate, or if made, such conveyances are defective.

In the event that the probate court, after notice and hearing, finds that it has before it the necessary facts specified in the statute to confer jurisdiction upon it, the statutory authority is also granted to such court to convey the record title of such property to the persons adjudged by the court to be legally entitled to such real estate.

The Marlboro District Probate Court, after hearing, found that the facts presented before it brought the matter within the jurisdiction granted it by the statutes. It then proceeded to the determination upon whom it should convey the record title of the property.

The findings, judgment and order of the probate court make it abundantly clear by its judgment that the heirs of Dana P. Allen had lost whatever rights they might have had to possess, re-enter, or bring suit upon the disputed property that had been lost through adverse possession of the real estate by the petitioners and their predecessors in title. The court found that the petitioners, and their predecessors in title had been "in open, notorious, hostile and continuous possession of the premises" from 1946 until the filing of the petition in 1968.

> "It is a general principle, applicable to possessory titles, that when one takes a deed of real estate, and places it on record, and enters into possession under it, and actually occupies a part of the premises which the deed purports to convey, he is presumed to be in possession of the whole to the limits defined in his deed. To the extent he actually occupies, his possession is said to be actual, and as to the residue, constructive. It is presumed, in such case, that the grantee claims to the limits of his deed; and that claim, coupled with his actual possession of a part, and constructive possession of the residue, is operative to gain title to the whole, if continued the requisite period of fifteen years." *Webb* v. *Richardson*, 42 Vt. 465, 475 (1869).

The appellants assert that adverse possession is a matter for a trial court and not the probate court. In the absence of the statutes above cited this would be so. But 14 V.S.A. §§ 1801 and 1802 specifically give the statutory authority to a probate court to determine whether there exists an enforceable title in a deceased person, his estate, or in his

heirs under a factual situation set forth in the statute. The determination of such questions could often present the matter of adverse possession as in the instant case. We hold that such determination by the probate court on the question of adverse possession is one that is necessary and proper under the statutory authority to determine the record owner of real estate under the legislative grant of authority. The ruling of the probate court on the motion to dismiss is sustained, and its finding, judgment and order comply with the mandate of the statutes.

*Affirmed.*