Rose Yvonne Jackson, Plaintiff-Appellee, v. William A. Jackson, Defendant-Appellant.

**Gen. No. 49,686.**

First District, Third Division.
January 7, 1965.
Rehearing denied February 4, 1965.

Sherwin & Sherwin, of Chicago (Julius L. Sherwin and Theodore R. Sherwin, of counsel), for appellant.

McCoy, Ming & Leighton, of Chicago (Chauncey Eskridge, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This appeal is from an order entered by the Circuit Court of Cook County following the registration of a

divorce decree under the Uniform Enforcement of Foreign Judgments Act, Ill Rev Stats 1963, c 77, § 88, et seq. The defendant-appellant contends that the decree was not a foreign judgment under the terms of the Uniform Act and that the court lacked jurisdiction to enter the order.

In 1961 the plaintiff, Rose Jackson, obtained a divorce in the Circuit Court of Winnebago County, Illinois. This court subsequently entered two orders modifying the decree by suspending the alimony and reducing the child support payments. Some time thereafter, the parties moved to Cook County which resulted in the filing of the action now before us.

In 1963 the plaintiff filed a petition to register the decree in Cook County under the provisions of the Uniform Enforcement of Foreign Judgments Act, attaching thereto a copy of the decree and of the subsequent orders modifying the decree. Her complaint alleged that the defendant was $1,730 in arrears in alimony and support payments. A garnishment action for the arrearage was instituted against the defendant and later a petition for a rule to show cause was filed against him. Thereafter he was granted leave to change attorneys and his new counsel filed a motion to dismiss the action on the ground that the decree, being one of an Illinois court, was not a foreign judgment as defined by the Uniform Act and that the court was without jurisdiction to enforce the decree. The court denied the motion, ordered the resumption of alimony, increased the amount of child support, fixed the visitation hours of the defendant, assessed his arrearage at $400.48 and ordered him to pay this amount and $300 in attorney fees within thirty days. The defendant elected to stand upon his motion and brings this appeal.

The Uniform Enforcement of Foreign Judgments Act was approved by the Commissioners on Uniform

State Laws in 1948, and was adopted in Illinois—with certain modifications to conform to our state's civil procedure—in 1951. The Act provides statutory procedure whereby the holder of a foreign judgment may file a petition to register it, alleging the date and place of its entry together with a copy of the judgment and a record of all subsequent proceedings and events which might have some effect upon it. Registration allows an immediate levy on property as well as other relief set out in the Act.

■ We think it is clear that the Uniform Act was intended to facilitate interstate enforcement of judgments and was not designed for the enforcement of intrastate judgments. This intention can be gathered from the terms of the Act itself, from the introductory comments made by the Commissioners on Uniform State Laws and from decisions which have construed other provisions of the Act.

■ The aim of statutory construction is to ascertain the legislative intent by examining not only the language employed but the evil to be remedied and the objective sought to be accomplished. Board of Education of School Dist. No. 148, Cook County v. County of Cook, 42 Ill App2d 91, 191 NE2d 444; People v. Gill, 30 Ill App2d 32, 173 NE2d 568. The evil to be remedied and the objective to be accomplished by the Uniform Act were set out by the Commissioners on Uniform State Laws in a prefatory note:

> "The mobility, today, of both persons and property is such that existing procedure for the enforcement of judgments in those cases where the judgment debtor has removed himself and his property from the state in which the judgment was rendered, is inadequate. By this act procedure is made available under which the

80

judgment creditor can effectively obtain relief and at the same time adequate protection is given the judgment debtor to present any defense that can now be interposed to an action on such judgment."

The Historical and Practice Note appended to S. H. A., c 77, § 88, also demonstrates that what is contemplated by the Act is the enforcement in our state of the judgments of other states:

"The Act is designed to enable a judgment creditor under a foreign judgment to obtain an immediate levy on property of the judgment debtor in this State pending disposition of summary proceedings under the Act by the judgment creditor to convert the foreign judgment into a domestic or Illinois judgment."

In Light v. Light, 12 Ill2d 502, 147 NE2d 34, the court had occasion to interpret and apply the Uniform Act. The court had no doubt that the purpose of the Act concerned out-of-state judgments, as can be seen from this comment:

"The Uniform Act . . . is intended to make it easier to enforce judgments across State lines. To that end it establishes a procedure for registering the foreign judgment in an appropriate court in this State. . . ."

The scope which the Illinois legislature intended the Act to have is shown by the title of the Act and by the definitions given to terms and words used in the Act. The title of the Act is:

"An Act in relation to the enforcement of judgments, decrees and orders of courts of the United States and of states and territories thereof, and to make uniform the law relating thereto."

81

The pertinent definitions are:

"(a) 'Foreign judgment' means any judgment, decree or order of a court of the United States or of any State or Territory which is entitled to full faith and credit in this state.

"(b) 'Register' means to docket and record a foreign judgment in a court of this state."

██ It is to be presumed that the legislature intended a word to have its ordinary and generally understood meaning unless a statutory definition indicates a contrary intent. People v. LaPorte, 28 Ill App2d 139, 171 NE2d 95. In general legal parlance the term "foreign judgment" is taken to mean one of a tribunal beyond the boundaries of the state. In 23 ILP, Judgments, § 551, a foreign judgment is defined as:

". . . a judgment rendered by a court of a country or state politically and judicially distinct from that in which the judgment or its effect is brought in question; a judgment of a foreign tribunal. In the United States the judgments of the courts of one state or territory are in a sense foreign judgments in every other state or territory, and are often spoken of, and to some extent treated, as such."

The decree in the instant case does not fall within the purview of these definitions and we see nothing in the Uniform Act indicating that the usual meaning of the term "foreign judgment" is not intended. ██ The Uniform Act, if correctly followed and used for the purpose for which it was designed, gives the court jurisdiction of out-of-state judgments only. It cannot be used to secure jurisdiction over judgments, decrees or orders entered by another court

within the same state. It follows, therefore, that the decree in the instant case could not be registered under the Uniform Act since it was not the proper subject matter of that Act. This being so, jurisdiction over the case was not in the Circuit Court of Cook County but remained in the Circuit Court of Winnebago County. The defendant's motion to dismiss the petition to register the decree should have been granted and the orders attributory to the decree should not have been entered by the Cook County court even though a quick and equitable disposition of the issues may have seemed advisable.

■ The above determination does not leave the plaintiff without means to enforce in Cook County the valid decree which she now holds. On the contrary, there has always been available in Illinois proper procedure for the enforcement of both local and foreign judgments. Ill Rev Stats 1963, c 110, § 101.13 (2); Nichols, Illinois Civil Practice, § 4808. The Divorce Act authorizes the enforcement of divorce decrees in any manner consistent with the rules and practice of the court. Ill Rev Stats 1963, c 40, § 19. The accepted practice of enforcing a divorce decree entered in another county within Illinois, is to file a complaint, together with a copy of the decree, praying that the decree be established in the county where the enforcement is sought.

■ ■ The plaintiff further argues that even if the trial court did not have original jurisdiction over this action it acquired jurisdiction because the defendant waived his objections and submitted himself to the jurisdiction of the court by filing his appearance, by contesting the garnishment proceeding, by answering the plaintiff's petition for a rule to show cause, by filing a like petition himself and by making a motion for a change of venue. This argument is of no avail. It has long been held that when a court

has no jurisdiction over the subject matter it cannot be conferred by the consent of the parties and it is not waived by a defendant's appearance and participation in the trial. Werner v. Illinois Cent. R. Co., 379 Ill 559, 42 NE2d 82; Bratkovich v. Bratkovich, 34 Ill App2d 122, 180 NE2d 716.

The order of the trial court denying the defendant's motion to dismiss the complaint and the orders implementing the decree will be reversed. The cause will be remanded with directions to set aside the registration of the plaintiff's decree and to dismiss the plaintiff's petition to register the decree under the Uniform Enforcement of Foreign Judgments Act.

Reversed and remanded with directions.

SULLIVAN and SCHWARTZ, JJ., concur.