## FOURTH DEPARTMENT, JANUARY, 1973

### (January 11, 1973)

In the Matter of MARY E. SAWYER, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously confirmed, without costs. Memorandum: The record supports the finding of the hearing officer that petitioner was properly arrested for driving while intoxicated, and that she refused to submit to a chemical blood test of the alcoholic content of her blood although she had been duly advised as required by the statute of the consequences of such refusal. After leaving the Justice of the Peace and the custody of the arresting officer petitioner went home and "tried to get over my" (her) state of confusion" and then, before the expiration of two hours from the time of her arrest, she offered to submit to the test, but the police then refused to administer it. Petitioner's reliance on Matter of Jentzen v. Tofany (33 A D 2d 532) and Matter of Sweeney v. Tofany (30 A D 2d 934) is misplaced, for in those cases the petitioner was either misled or not properly informed concerning his rights and obligations. Here, the evidence supports the determination that petitioner was fully informed of her rights and the consequences of failure to take the test. The fact that the two-hour period had not expired when she changed her mind and offered to take the test does not help her. She had no right to delay the test and leave the custody of the officer and then return for the test. The two-hour statutory period for administering the test (Vehicle and Traffic Law, § 1192, subd. 3) was established as a criterion for determining the admissibility into evidence of the results of the test and not to confer additional privileges upon an arrested driver or to extend his rights with respect to submitting to the test (Matter of Dobbins v. Tofany, 38 A D 2d 870; Matter of Donahue v. Tofany, 33 A D 2d 590, mot. for lv. to app. den. 25 N Y 2d 744). (Review of determination revoking operator's license, transferred by order of Cayuga Special Term.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.

In the Matter of FRED SPEARS, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Judgment unanimously reversed, without costs, petition dismissed and determination confirmed. Memorandum: From a review of the record it is clear that there was substantial evidence to support the respondent's determination revoking petitioner's operator's license. Giving full credence to the testimony of the dentist, which the Referee was not bound to do, petitioner's condition at the time of his arrest would have been manifested by extreme drowsiness. The arresting officer's testimony contradicts the existence of any such state and fully supports the Referee's findings and the conclusion that petitioner made an understanding refusal to submit to the test. (Appeal from judgment of Erie Special Term granting petition in article 78 proceeding.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.