THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GERALD A. SHORKEY, Defendant-Appellee.

(No. 59357;

First District (3rd Division)—October 3, 1974.

Bernard Carey, State's Attorney, of Chicago (Dorothy Johnson and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for the People.

Patrick A. Tuite and Steven Walanka, both of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Gerald Shorkey was arrested in the early morning of March 4, 1973, for driving a motor vehicle while under the influence of alcoholic beverages. He was taken to a police station and was asked it he would submit to a chemical breath analysis. He refused. The arresting officer made out a ticket charging Shorkey with the drunken driving offense and took him to the lockup. On the way Shorkey changed his mind and said he would take the test. The officer felt that his consent came too late, and locked him up.

At his trial Shorkey pleaded not guilty and waived a jury. He filed a petition for a hearing as to whether his driver's license should be suspended for his failure to submit to a breath analysis and requested that the court consider the petition along with his trial on the charge of driving while under the influence of intoxicating liquor.

However, the petition was heard first, and at the hearing it was stipulated that the arresting officer had probable cause for the arrest; that he gave the required implied consent warnings to the defendant; that the defendant understood his rights; that he was requested to take a breathalyzer test and that he refused. Shorkey argued that his initial refusal was not binding on him since he was entitled under the statute to 90 minutes from the time he received the oral and written warnings to decide whether or not to submit to an examination. The State contended that after he had once refused he could not revoke his refusal; that giving him one opportunity to consent within 90 minutes was sufficient compliance with the statute. The trial court held with the defendant and the State appealed.

The statute referred to is section 11—501.1(a) and its subsection (a)(9) of the Illinois Vehicle Code, which provides:

> "Any person who, after September 30, 1972, drives a motor vehicle anywhere within this State thereby consents, under the terms of this Section, to take and complete a test or chemical analysis of his breath to determine the alcoholic content of his blood when made as an incident to and following his lawful arrest * * *." Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(a).
>
> "After being so advised the arrested person may study the written notice and may consult with an attorney or other person by phone or in person but refusal to submit to the test within 90 minutes after being given the written notice shall constitute a refusal to take the test." Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1 (a)(9).

■ The statute states that refusal to submit to a breath test within 90 minutes after written notice shall constitute a refusal to take the test. The issue to be decided is whether this means that the refusal must exist at the end of the 90 minutes, or does it mean that a refusal at any time during the 90 minutes constitutes a refusal?

This is the first time this issue has reached the appellate level in Illinois, but it has been passed upon in other states. Illinois was the last state in the Union to adopt the implied consent law, and we can profit from the decisions in those states which have had longer experience with such laws.

Without exception, the courts have held that once the request to take the test is rejected, there has been a statutory refusal which mandates the suspension of the driver's license. *Zidell v. Bright* (1968), 264 Cal.App.2d 867, 71 Cal.Rptr. 111; *Swenumson v. Iowa Department of Public Safety* (Iowa 1973), 210 N.W.2d 660; *State v. Palmer* (1971), 291 Minn. 302, 191 N.W.2d 188; *Wiseman v. Sullivan* (1973), 190 Neb. 724, 211 N.W.2d 906; *Harlan v. State* (N.H. 1973), 308 A.2d 856; *Sawyer v. Tofany* (1973), 41 App.Div.2d 583, 340 N.Y.S.2d 208; *Atwell v. State* (1973), 35 Ohio App.2d 221, 301 N.E.2d 709; *Robertson v. State ex rel. Lester* (Okla. 1972), 501 P.2d 1099.

■■ Although the Illinois implied consent statute may differ in some respects from those of other states the central purpose is the same, and the reasoning in the decisions of the courts which interpreted those statutes applies with equal force to our statute. The courts uniformly stated, in effect, that the legislative purpose in enacting implied consent laws was to reduce the holocaust on highways, part of which was attributable to drivers who had consumed excessive quantities of intoxicating liquors; the license revocation provisions were intended to protect the public from irresponsible drivers as well as to punish such drivers; it would be unreasonable to hold that an arresting officer was required to consider a refusal as conditional—one that could be withdrawn at any time during the statutory time limitation—and compel him to remain near the arrested person and out of service during that period; it would be inconsistent with the purpose of the statutes to hold that he must drop other responsibilities and arrange for a belated test where the arrested person had previously refused after being warned of the consequences of his refusal, and that this was true even if the facilities to conduct the test were still available.

The aim of statutory construction is to ascertain the intention of the legislature by examining not only the language employed, but the evil to be remedied and the objective sought to be accomplished. (*People v. LaPorte* (1960), 28 Ill.App.2d 139, 171 N.E.2d 95; *Jackson v. Jackson*

(1965), 55 Ill.App.2d 77, 204 N.E.2d 153.) Section 11—501.1(a)(9) states that a refusal to submit to a breathalyzer test *within* 90 minutes *shall constitute a refusal* to take the test. This indicates that the legislature intended that a refusal within the 90-minute period would be final. Any different interpretation would have to ignore the words, "shall constitute a refusal." There is no language in the statute that is susceptible of an interpretation that a refusal once made must exist to the end of the period. There must be a point of no return. A person may take an hour and a half to make his decision, but once it has been made the police cannot be expected to wait around to see if he will change it. We hold that where all the other terms of the statute have been complied with, a refusal to submit to a chemical breath analysis is a binding refusal which cannot be nullified by a subsequent consent.

■■ Section 11—501.1 applies to any person who "drives a motor vehicle" in Illinois who fails to take a breathalyzer test following his lawful arrest, "evidenced by the issuance of a Uniform Traffic Ticket." The defendant urges that the trial court's decision discharging him should be affirmed because the prosecution failed to prove that he had been driving a motor vehicle or that he had been given a traffic ticket. There was no need for the State to make this proof. The first matter heard was the defendant's petition questioning the police report concerning his refusal to submit to a breath test. This petition was filed in accordance with section 11—501.1(d) which provides that if a hearing is requested on such a report the scope of the proceedings shall cover only these issues.

> "* * * whether the person was placed under arrest for an offense * * *, whether the arresting officer had reasonable grounds to believe such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing * * * that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer." Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d).

The stipulation entered into by the parties covered these precise issues. Further proof regarding them would have been superfluous. The court had before it the stipulation, supplemental information pertaining to the circumstances of the defendant's refusal, and the arresting officer's certificate that he had reasonable grounds to believe Shorkey was driving while under the influence of liquor because he ran off the road, had a strong odor of alcohol on his breath and was unable to perform normal functions. The State did not fail to meet its burden of proof and the court did not err in restricting the hearing to its proper purpose.

The order granting the defendant's petition is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA, P. J., and McGLOON, J., concur.