PALATINE SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, *v.* RALPH EDGAR *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 81-351

Opinion filed March 23, 1982.

Kenart M. Rahn, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Lawrence R. Moelmann, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Defendants appeal from an order of the circuit court denying their motion to vacate a judgment entered by confession, heard upon defendants' special and limited appearance. The issues raised on appeal are whether: the judgment by confession was void for want of jurisdiction over defendants; and the trial court abused its discretion in denying defendants the opportunity to plead to the merits of this cause.

For reasons which follow, we reverse and remand.

On September 23, 1972, the National Bank & Trust Company of Sycamore, as trustee under trust No. 1367, executed a note for value received and mortgage payable to plaintiff for $652,400 at 8% interest, 9% if defaulted. Provisions authorizing confession of judgment were crossed out on the note. On the same date, the defendants, Ralph L. Edgar and Investment Development, Inc. executed a "PERSONAL UNDERTAKING on land trust loan," containing a confession of judgment clause.

On September 2, 1974, plaintiff filed a complaint to foreclose the mortgage in the circuit court of De Kalb County, alleging that payment had not been made pursuant to the terms of the note. Named as defendants were the National Bank & Trust Company of Sycamore, as trustee under trust No. 1367, Ralph Edgar as beneficiary under the trust, Investment Development, Inc., and certain alleged mechanic's liens claimants. The complaint prayed that the Sycamore Bank, as trustee, be found liable for the indebtedness and that the mortgaged property be sold to satisfy the balance due on the loan. The prayer for relief also sought a deficiency judgment if the proceeds of the sale were insufficient to satisfy the amounts due "against such of the defendants as may be found personally liable to pay the same." The "Personal Undertaking" was not an exhibit, and was not incorporated in the foreclosure complaint, but was attached thereto.

Defendants were personally served with summonses in the foreclosure suit but did not appear or file an answer. An order of default was entered against them on June 30, 1976. After the property encumbered by the mortgage was sold, a deficiency judgment was entered in De Kalb County against defendants on September 1, 1976, in the amount of $50,000. Defendants Edgar and Investment were not served with notice after the sale that a deficiency decree was being sought against them. On January 21, 1980, the Second District Appellate Court (*Palatine Savings & Loan Association v. National Bank & Trust Co.* (1980), 80 Ill. App. 3d 437, 399 N.E.2d 1015) reversed an order denying defendants' section 72 petition to vacate the deficiency judgment, finding that: since the "personal undertaking" was not an exhibit to the foreclosure complaint or incorporated by reference thereby, plaintiff's complaint did not identify persons claimed to be personally liable for a deficiency judgment as required by

sections 7 and 7.4 of the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1977, ch. 95, pars. 23.6(3)(m), 23.6—4); the deficiency judgment against defendants thus exceeded relief asked for in the complaint; and, defendants were not notified thereof as required by Supreme Court Rule 105 (Ill. Rev. Stat. 1977, ch. 110A, par. 105). The reviewing court granted defendants leave to plead within such time as fixed by the trial court, and remanded for such other and further proceedings as might be appropriate.

Without pursuing the remandment order, plaintiff subsequently filed a complaint for confession of judgment in the circuit court of Cook County for the amount of $64,705.48.[1] The complaint, *inter alia,* attached as exhibits the "Personal Undertaking," note, mortgage, and the judicial report of sale. The complaint also attached as an exhibit an affidavit by an officer of plaintiff (William Heise) setting forth the circumstances of the foreclosure and deficiency judgment and its subsequent vacatur by the appellate court, and stating: "* * * However, the vacating of said deficiency judgment in no way effects [*sic*] the confession now sought * * *. Plaintiff has not sought to exercise the confession clause in the Personal Undertaking until the instant action commenced." On April 15, 1980, judgment was confessed in Cook County against defendants in the amount of $64,705.48.

On June 23, 1980, plaintiff filed a summons to confirm judgment by confession, requiring defendants to file an answer or appearance. Defendants filed a special and limited appearance on August 6, 1980, a motion to vacate judgment by confession for want of jurisdiction and an affidavit in support of that motion. The motion stated that the defendants were "appearing specially and, for the sole purpose of attacking the jurisdiction of this court," and sought a vacatur of the confession judgment because "the warrant of attorney was * * * legally insufficient to confer jurisdiction over defendants * * * and * * * the judgment * * * [was therefore] null and void." The affidavit, executed by Edgar, set forth, *inter alia,* that: the personal undertaking was a separate document from the note; the warrant of attorney was not clear and explicit, and the extent of liability not ascertainable from the face of the instrument in which the warrant was granted; any liquidated amount due and owing pursuant to the warrant was only ascertainable by reference to a document *dehors* the instrument; and, the authorization to confess judgment was deleted from the note.

On February 3, 1981, the matter came on for hearing on defendants' special appearance and motion to vacate for want of jurisdiction. That

---

[1] This amount was computed in the complaint as follows: principal of $541,836.17 less $491,836.17 rebate resulting in a balance of $50,000. Added to that is interest at 5% per annum from July 29, 1976, of $11,705.48, and attorney's fees of $3,000.

motion was denied and an order was entered on that date confirming the judgment of confession of April 15, 1980, in favor of plaintiff against defendants in the amount of $63,705.48, from which defendants appeal.

It is apparent that precisely the same relief sought in the circuit court of Cook County by plaintiff could have been sought in the pending action in De Kalb County following remandment of the litigation by the Second District Appellate Court. The litigation concerned the same subject matter and parties to the action. The circuit court of Cook County was so advised and, under such circumstances, should have declined jurisdiction and transferred the cause to De Kalb County where pending litigation was awaiting further action by plaintiff following reversal on appeal. (*People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 445, 298 N.E.2d 177; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 292, 215 N.E.2d 806; *Zimmerman Equipment Co. v. F. R. Orr Grain Co.* (1975), 29 Ill. App. 3d 921, 330 N.E.2d 881.) In *Zimmerman* plaintiff filed suit to collect on a note in Montgomery County and while that cause was pending obtained judgment by confession on the same note against defendants in Kankakee County. Defendants there filed a motion to vacate the confessed judgment in Kankakee County on jurisdictional grounds, and that relief was granted by the trial court and affirmed by the appellate court.

The circuit court of Cook County in the instant case should have declined jurisdiction in the confession action in the interests of the orderly and efficient administration of justice (*People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District* (1973), 54 Ill. 2d 442, 445), whether the motion to dismiss for want of jurisdiction was based upon section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)) or not. *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255, 357 N.E.2d 534.

For the foregoing reasons, other issues raised in the appeal need not be considered, and the cause must be reversed and remanded with directions to vacate the confirmation order of February 3, 1981, and the confession of judgment order of April 15, 1980, and to transfer the cause to De Kalb County.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.