*In re* MARRIAGE OF THOMAS NELSON, Petitioner-Appellant, and TYRA LAURIE NELSON, Respondent-Appellee.

Second District   Nos. 2—83—0786, 2—83—1088 cons.

Opinion filed October 30, 1984.

Hercules, Paul, Zagoras & Associates, of Waukegan, for appellant.

William G. Rosing and Stephen G. Applehans, both of Rosing, Magee & Applehans, of Waukegan, for appellee.

JUSTICE NASH delivered the opinion of the court:

In these consolidated cases petitioner, Thomas Nelson, appeals from orders of the circuit court of Lake County which registered a judgment of dissolution of his marriage to respondent, Tyra Nelson, originally entered in Lee County, and undertook enforcement proceedings.

The issues presented by these appeals are whether an order registering and enrolling a judgment for dissolution of marriage entered in another judicial circuit of this State is a final appealable order and whether such registration was properly done in this instance.

The marriage of the parties was dissolved in the circuit court of Lee County (Fifteenth Judicial Circuit) in February 1983; a property

settlement agreement was incorporated into the judgment and the wife awarded custody of their two minor children. In August 1983 the wife filed a petition in the circuit court of Lake county (Nineteenth Judicial Circuit) requesting that the judgment be registered pursuant to section 511(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 511(b)). After summons was issued and served upon the husband in Lee County, he filed a motion to vacate the petition for registration, alleging Lake County was not the proper venue as he resided in Lee County. The trial court found that respondent and the children resided in Lake County and that section 511(b) of the Act provided for registration of judgments from another judicial circuit in this State; it ordered enrollment of the judgment in Lake County. The husband sought reconsideration, noting he resided in Lee County where the judgment of dissolution has been entered and section 512 of the Act required that post-judgment venue remain in Lee County. The motion to reconsider was denied, and the trial court found there was no reason to delay enforcement or appeal as set forth in Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). The husband filed a notice of appeal (No. 83—786) which the wife has moved to dismiss in this court, asserting the order from which he appeals was not a final order. We have taken that motion with the case.

On November 15, 1983, during the pendency of that appeal, the wife filed a petition for rule to show cause in the circuit court of Lake County alleging the husband had failed to pay for certain dental expenses of the children required by the judgment of dissolution. The husband's request that the trial court stay that matter pending the appeal of the venue issue was denied. The wife's petition that the husband be restrained from proceeding in the Lee County circuit court with a petition to enjoin her from proceeding in Lake County was granted, and the trial court further awarded the wife a judgment for $304 for dental expenses of their daughter. The husband also appeals from these orders (No. 83—1088).

### No. 83—786

We consider first whether an order registering a judgment for dissolution of marriage from another judicial circuit in Illinois is a final and appealable order.

The procedures to be followed in order to enforce or seek modification of a judgment of dissolution in Illinois are as set forth in section 511 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 511). Where the judgment was entered in a different judicial circuit of this State than that in which enforce-

ment is sought, section 511(b) provides that a party "shall commence the proceeding by filing a petition establishing the judgment and attaching a copy of the judgment as a part of the petition." The statutory language does not suggest that the mere filing of the petition is itself a cause of action, and it appears to be only a procedural step necessary to commence a post-judgment proceeding for enforcement of a judgment of another circuit. As such, an order allowing a petition to register the judgment cannot be deemed a final appealable order.

In similar context, it has been established that a denial of a change of venue from one county to another (*Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1976), 31 Ill. App. 3d 797, 799, 347 N.E.2d 190, 192) or an order transferring a cause from one court or division to another (*Peter G. Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 636, 377 N.E.2d 1102) are not final orders and thus are not appealable. See *Executive Commercial Services, Ltd. v. Daskalakis* (1979), 74 Ill. App. 3d 760, 768, 393 N.E.2d 1365, *cert. denied* (1980), 446 U.S. 967, 64 L. Ed. 2d 826, 100 S. Ct. 2945.

■ We find that the order granting registration and enrollment of the Lee County judgment in Lake County was not a final order under Supreme Court Rule 303 (87 Ill. 2d R. 303) as it did not adjudicate any of the rights of the parties under the judgment for dissolution thus enrolled. Nor did the insertion by the trial court in its order of language required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) to authorize interlocutory appeal of a final judgment where there are multiple parties or claims make this nonfinal order appealable. *Chicago Title & Trust Co. v. Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 364, 375 N.E.2d 522.

We conclude that appeal No. 83—786 must be dismissed.

No. 83—1088

In this appeal the husband again seeks review of the order registering the Lee County judgment in Lake County and, also, the subsequent proceedings to enforce it in that jurisdiction.

Post-judgment venue for proceedings to enforce or modify a judgment of dissolution of marriage is provided for by section 512 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 512). It states:

"After 30 days from the entry of a judgment of dissolution of marriage or the last modification thereof, any further proceedings to enforce or modify the judgment shall be as follows:
* * *

(b) If one or both of the parties then resides in the judicial

circuit wherein the judgment was entered or last modified, further proceedings shall be had in the judicial circuit that last exercised jurisdiction in the matter; ***."

The dissolution judgment was entered in February 1983 in the Fifteenth Judicial Circuit of Illinois. The record discloses that the husband continued thereafter to reside in that circuit and when the wife filed her petition to register the judgment in the Nineteenth Judicial Circuit, more than 30 days after its entry, summons was served upon him in Lee County. (See Ill. Rev. Stat. 1983, ch. 40, par. 511(b).) The husband appeared in the Lake County court and objected to the change of venue on the grounds he was a resident of Lee County.

Although it appears to be clear that post-judgment venue remained in the Fifteenth Judicial Circuit in these circumstances, and could not be properly removed to the Nineteenth Judicial Circuit, the wife contends that application of section 512 is permissive so as to authorize a court to establish a judgment of another judicial circuit despite the fact one party to the cause continues to reside in the circuit wherein the judgment was original entered. The wife argues the trial court had discretion to permit the enrollment in circumstances where that would be equitable under the facts of a case, noting she and the children now live in Lake County, the dental expenses were incurred there and it would be a hardship to require her to enforce the judgment in Lee County. She cites *Fuhrer v. Fuhrer* (1968), 91 Ill. App. 2d 358, 235 N.E.2d 389, and *Jackson v. Jackson* (1965), 55 Ill. App. 2d 77, 204 N.E.2d 153, cases which were decided prior to the adoption of the Illinois Marriage and Dissolution of Marriage Act and describe the common law practice of registering a divorce decree in another county. It has been noted, however, that the former practice of registering a divorce decree has been rendered obsolete by the adoption of section 512 of the Act (*In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 34, 463 N.E.2d 955), a conclusion with which we agree.

Section 512 of the Illinois Marriage and Dissolution of Marriage Act states that post-judgment venue of proceedings to enforce or modify a judgment "shall" be as provided in the statute.

■ It is true, as urged by the wife, that use of the word "shall" does not have a fixed or inflexible meaning in a statute. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332.) As most recently discussed in *People v. Singleton* (1984), 103 Ill. 2d 339, the word is generally regarded as mandatory, but may be interpreted as permissive, depending upon the context in which it is used and the intent of the legislature. Applying these factors here, we believe, re-

quires a conclusion that the word "shall" in section 512(b) is mandatory. The legislature had an opportunity in enacting section 512 to provide the court with discretion to entertain post-judgment proceedings in such cases in any circuit where a party to the dissolution was currently in residence. However, it did not do so and granted discretion to a court only to "transfer matters involving a change in child custody to the judicial circuit where the minor or dependent child resides." (Ill. Rev. Stat. 1983, ch. 40, par. 512(b).) That limited discretion is extended only to the court which entered or last modified the judgment, and does not suggest that another court may assume authority to exercise even that discretionary power. As the statute permits the exercise of discretion only in the one specified matter, its provision that other post-judgment proceedings shall be in the judicial circuit which last exercised jurisdiction in the matter must be viewed as mandatory. See Ill. Ann. Stat., ch. 40, par. 512, Historical and Practice Notes, at 786 (Smith-Hurd 1980).

We conclude that as post-judgment venue in Lake County was improperly assumed, the trial court lacked authority to order enrollment of the Lee County judgment or to enforce it.

Accordingly, the orders of the circuit court of Lake County enrolling the judgment and enforcing it are reversed.

Reversed.

LINDBERG and UNVERZAGT, JJ., concur.