*In re* MARRIAGE OF RENA LEE DUFF, n/k/a Rena Lee Catton, Petitioner-Appellee, and LYNDELL EDWIN DUFF, Respondent-Appellant.

Third District   No. 3—90—0838

Opinion filed January 22, 1992.

W. Edgar Weer, of Pekin, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Respondent Lyndell Edwin Duff appeals from judgment of the circuit court of Tazewell County denying Lyndell's motion to vacate or reconsider an order entered by the court on September 21, 1990, granting temporary custody of the parties' two minor children to petitioner Rena Lee Duff, now Rena Lee Catton. The court also entered an order finding grounds for dissolution and granting other relief as prayed for in an "amended petition for dissolution of marriage" filed in the Tazewell circuit court by Rena Lee on August 23, 1990. This appeal was granted pursuant to Supreme Court Rule 306 (134 Ill. 2d R. 306). The sole issue we are asked to decide is whether the Tazewell County circuit court properly assumed subject matter jurisdiction of the cause when the same proceeding was pending in Fayette County, Illinois.

Rena Lee has not filed an appellee's brief in this court, and the record on appeal consists solely of the common law records from the Fayette and Tazewell County courts. Nonetheless, from our review of the common law records and our independent research of applicable law (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493), we have determined that the circuit court of Tazewell County erred in denying Lyndell's motion to vacate.

On July 20, 1989, Rena Lee filed a petition for dissolution of marriage in the circuit court of Fayette County. At that time, her residence was Rt. 2, Ramsey, Fayette County, Illinois, and Lyndell's was Rt. 2, Fillmore, Montgomery County, Illinois. After various mesne

pleadings were filed, the court's docket sheet shows that an uncontested hearing on grounds was held on September 8, 1989, and that the court found that grounds were proved. On September 12, the Fayette County circuit court entered an order for temporary relief, granting Rena Lee custody of and support for the parties' minor children and visitation for Lyndell pursuant to the parties' agreement. The "second phase" hearing was continued numerous times, but the court's docket sheet shows that testimony was taken in late November 1989, and that the parties agreed on February 9, 1990, that Lyndell should pay $300 semimonthly for child support. Then, on August 20, 1990, Lyndell filed a motion in which he stated that the parties had attempted a reconciliation, but that it had failed. He requested that the court reset the cause for completion of the phase two hearing.

Three days later, Rena Lee filed an "Amended Petition for Dissolution of Marriage" in the circuit court of Tazewell County. In the body of this pleading, she indicates that her residence is No. 7 Kenmore Ct., Pekin, Tazewell County, Illinois. She shows Lyndell's address as Rt. 2, Bx. 174, Shobonier, Fayette County, Illinois. Concurrently with her amended petition, Rena Lee filed a "Notice of Filing of Petition to Register" with the clerk of the circuit court in Fayette County. She attached a copy of this document and the September 12, 1989, Fayette County order of temporary relief to the August 23, 1990, pleadings filed in Tazewell County.

The record next shows that Rena petitioned for temporary relief in Tazewell County and that both parties appeared for a hearing on this motion on September 21, 1990. The court on that date ruled, *inter alia,* that Lyndell should pay $247 semimonthly for child support, that Lyndell's prior visitation rights "shall not be in effect," and the court reserved judgment on Lyndell's visitation "until [Lyndell] shall petition the court." A second hearing was held in the Tazewell County court on October 15, 1990. The record discloses that Lyndell received notice of the hearing, but failed to appear. The court received evidence and determined:

> "1) That the Court has jurisdiction of the parties and subject matter;
>
> 2) That the parties were married on April 29, 1983 and continue to be husband and wife; [and]
>
> 3) That the Defendant has been guilty of acts of extreme and repeated physical cruelty to the plaintiff that occurred without cause or provocation."

The court, accordingly, entered an order dissolving the parties' marriage and set the matter for a hearing on remaining issues on November 5, 1990. On October 19, Lyndell filed a motion seeking to vacate the court's September 21 order for temporary relief or, in the alternative, to reconsider the order to the extent that it denied him visitation with his children. On October 29, 1990, the court denied Lyndell's motion. Although it appears that no written petition was filed by Lyndell in Tazewell County, the court noted in its October 29 order that the cause would be continued to November 5 for a hearing on Lyndell's request for temporary visitation. On that date the court entered an order granting him limited visitation. Lyndell filed a timely notice of appeal from the October 29, 1990, order.

Lyndell argues that because of the pending action in Fayette County the Tazewell County court lacked subject matter jurisdiction. In the alternative, he states that section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3)) evinces the public policy of this State to discourage forum shopping and to encourage the efficient use of judicial resources. He contends that the Tazewell County court should have dismissed Rena Lee's amended petition in furtherance of these policies.

Section 2—619(a)(3) provides:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(3) That there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3).)

Generally, a motion under section 2—619 is subject to waiver if the defense is not advanced in a timely pleading. (*Coolbaugh v. Coolbaugh* (1962), 33 Ill. App. 3d 444, 178 N.E.2d 702 (decided under former section 48 of the Civil Practice Act (Ill. Rev. Stat. 1961, ch. 110, par. 48)).) Since Lyndell's motion to vacate was not pursued until after the Tazewell County court granted relief on Rena Lee's amended petition, we must consider application of the waiver doctrine.

■ It is well established that the waiver doctrine may operate to permit a suit to proceed in an improper venue, but the doctrine does not apply to a motion complaining of the court's lack of jurisdiction over the subject matter. (*In re Marriage of Fox* (1989), 191 Ill. App. 3d 514, 548 N.E.2d 71; *In re Marriage of Alush* (1988), 172 Ill. App.

3d 646, 527 N.E.2d 66.) As stated in *Alush*, "Subject matter jurisdiction includes not only the power to hear and determine a class of cases but the power to grant the relief requested." (172 Ill. App. 3d at 652, 527 N.E.2d at 70, citing *People ex rel. Illinois Department of Human Rights v. Arlington Park Race Track Corp.* (1984), 122 Ill. App. 3d 517, 521, 461 N.E.2d 505.) Obviously, in this case the Tazewell County circuit court had the power to hear and determine dissolution cases. The question, then, is whether the court also had the power to grant Rena Lee the relief she sought in her amended petition. We find that it did not.

In his appeal, Lyndell cites no Illinois authority directly on point, and our research fails to reveal any similar reported case in which a sister circuit has assumed subject matter jurisdiction over a pending divorce suit and granted relief before its jurisdiction was challenged. Nonetheless, we are convinced that Lyndell's motion to vacate should have been granted.

In similar circumstances, courts have ruled that the "second" court lacks authority to assume jurisdiction over a cause initiated in a sister circuit. For example, in *Sidwell v. Sidwell* (1966), 75 Ill. App. 2d 133, 220 N.E.2d 479, the reviewing court ruled that the Clark County circuit court in plaintiff's action for separate maintenance properly granted defendant's motion to dismiss under section 48(1)(c) (Ill. Rev. Stat. 1965, ch. 110, par. 48(1)(c) (now section 2—619(a)(3))) of the Civil Practice Act because of the pendency of the parties' divorce suit in Cumberland County.

More recently, in *In re Marriage of Nelson* (1984), 128 Ill. App. 3d 635, 470 N.E.2d 627, the court on review of post-judgment enforcement proceedings ruled that section 512(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 512(b)) does not give a second circuit court authority to transfer matters not involving child custody out of the judicial circuit that last exercised jurisdiction in the matter. The same result was reached by the court in *In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 463 N.E.2d 955. There, the parties' marriage was dissolved in McLean County in 1965. In 1969, the wife sought and obtained a modification of child support by a petition filed in Cook County. A second petition to enforce was brought in Cook County in 1972. The husband was never served with summons for the Cook County proceedings; and, in 1979, he moved to vacate the Cook County orders on the ground that McLean County had continuing and exclusive jurisdiction over the subject matter. The court on review agreed that the Cook County circuit lacked jurisdiction, but rested its holding on the wife's failure to

serve summons so as to confer personal jurisdiction over the husband in the Cook County court.

*Nelson* and *Hostetler* are consistent with the reasoning of our supreme court in *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028, a case initially decided prior to the enactment of the Illinois Marriage and Dissolution of Marriage Act. The parties in *Sommer* were divorced in Du Page County in 1967. In 1974, the husband attempted to register the Du Page County decree with the Lake County circuit court in support of his petition for custody of the parties' children. Lake County assumed jurisdiction, and the cause eventually came before the Illinois Supreme Count on a petition for writ of *mandamus*. The court on review determined that "[t]he circuit court of Lake County was without authority to exercise jurisdiction over the subject of the custody of the children." (69 Ill. 2d at 227, 370 N.E.2d at 1029.) Agreeing with "the greater weight of authority," the court reasoned that "jurisdiction acquired by a court in a divorce proceeding over the custody and maintenance of children of parties to the suit is not only continuing but is also exclusive and precludes any other court in the State where the custody proceedings were held from later acquiring or exercising jurisdiction over the same subject." (69 Ill. 2d at 227, 370 N.E.2d at 1030.) This rule, the court held, was consistent with the Illinois divorce statute then in effect (Ill. Rev. Stat. 1975, ch. 40, par. 19) and the public policy of this State to encourage the orderly administration of justice. On petition for rehearing, the court considered the possible application of sections 512(a) and (c) of the recently enacted Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, pars. 512(a), (c)), relating to post-judgment venue. The majority of the court ruled that the new law was not applicable.

In a slightly different context, the court in *Palatine Savings & Loan Association v. Edgar* (1982), 105 Ill. App. 3d 31, 433 N.E.2d 1134, considered a motion to vacate judgment by confession filed by the defendant debtors more than 30 days after plaintiff filed a summons to confirm judgment by confession entered in the circuit court of Cook County. At the time plaintiff filed its complaint in the Cook County court, the same action was pending in De Kalb County on remand from an appeal. Although the Cook County court was advised of the pendency of the action, it denied defendants' motion to vacate and confirmed the judgment of confession. Defendants successfully appealed from the denial of their motion to vacate for want of jurisdiction. The appellate court ruled that "[t]he circuit court of Cook County *** should have declined jurisdiction in the confession action

in the interests of the orderly and efficient administration of justice [citations], whether the motion to dismiss for want of jurisdiction was based upon section 48(1)(c) of the Civil Practice Act [citation] or not." 105 Ill. App. 3d at 34, 433 N.E.2d at 1136-37.

In this case, as indicated above, although the Fayette County court stated that it found grounds for divorce, no final judgment of dissolution was entered. The record discloses that the Fayette County circuit court entertained several days of hearings on the question of child custody without having reached a judicial determination. Further, it appears that Lyndell still resided in Fayette County when Tazewell County assumed jurisdiction.

Rena Lee's petition to register in Tazewell County cited to section 511 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 511). That section, however, refers only to judgments of dissolution, legal separation or declaration of invalidity of marriage and "post-judgment" proceedings to enforce or modify such judgments. Since in this case only an interlocutory order for temporary relief had been entered in Fayette County, section 511 does not authorize Rena Lee's attempt to transfer subject matter jurisdiction outside of Fayette County. Section 512, similarly, addresses only "post-judgment venue" and does not control interlocutory orders.

■■ This is not a case in which an emergency situation was pleaded, requiring the nearest court to exercise extraordinary powers for the protection of a party or the children. Under the circumstances, we believe that subject matter jurisdiction remained with Fayette County, and the Tazewell County court was not authorized to assume jurisdiction over any aspect of the cause except to transfer Rena Lee's amended petition back to Fayette County. We find that the orderly administration of justice, this State's legitimate interest in discouraging forum shopping and the interest of the Fayette County court in continuing jurisdiction over the custody of the parties' children are all factors that weigh in favor of granting Lyndell's motion to vacate the Tazewell County orders. To hold otherwise would in effect permit a dissatisfied party to appeal an interlocutory decision of one judicial circuit of this State before a second judicial circuit in hopes of a more favorable result.

In sum, we hold that the circuit court of Tazewell County lacked subject matter jurisdiction over Rena Lee's amended petition for dissolution of marriage, and the court erred when it denied Lyndell's motion to vacate pursuant to section 2—619 of the Code of Civil Procedure. Accordingly, we hereby vacate all orders entered by the cir-

cuit court of Tazewell County and remand this cause for further proceedings in Fayette County.

Reversed; cause remanded.

SLATER and GORMAN, JJ., concur.