# ADDISON COUNTY,

## January Term, 1838.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
    "  STEPHEN ROYCE,     } *Assistant Justices.*
    "  ISAAC F. REDFIELD,  }

---

### Samuel S. Phelps & Horace Linsley Administrators of William Slade *v.* Heirs of William Slade.

An administrator may be charged with interest on money received by him.

Since the statute of 1833, it is discretionary with courts to allow costs on appeals from the probate court.

Before the passing of that statute, the court of probate, on settlement of an administrator's account, allowed a large balance against him. He appealed, and on referring his account to commissioners a balance was found in his favor. The report of the commissioners was set aside and a balance found due from the administrator, but much less than the sum found due by the court of probate.—Held that no cost should be allowed, as neither party could be considered as a party recovering.

This was an appeal by the administrators of the estate of Wiliam Slade to this court from a decision of the probate court on the settlement of an account of their administration, making Samuel S. Phelps, one of the administrators, debtor to the estate in the sum of $188.65.

The case was referred to commissioners to state the accounts, who, at the January term of this court 1835, reported, that Samuel S. Phelps and Horace Linsley were administrators of the said estate; that the said Linsley had the care and management of the real estate and property inventoried; that the account rendered by him was not objected to, and that nothing was due either to or from the said Linsley; that

Addison,
January,
1838.

Admrs. of
Slade
v.
Heirs of
Slade.

in stating the account of the said Phelps the other administrator, he having a claim of $885, against the estate which was secured by mortgage, they adopted the following rule as an equitable one in casting interest;—" Take the sums " received by said Phelps and add them up at the end of " six months, and then apply the sums received to the sum " at that time due to him, then cast interest on the sum " due to him, for the next succeeding six months, and then " apply what had been collected, during said six months, in " payment of the sum due to him, and in that manner during " the time of the receipt of money by him ;"—and annexed to their report statements showing the different sums of interest by them allowed ; that the amount allowed by them in favor of said Phelps was $1521,78, and the sum allowed against him was $1512,21, leaving a balance due to him from the estate of $9,57, which, with the addition of three years' interest, made the sum of $11,45, due to said Phelps from the estate.

The heirs to said estate filed exceptions to the computation of interest, by said commissioners, and the report was recommitted to them with instructions to restate the account of the said Phelps, and to make rests in computing interest on the moneys received by him, at the end of every six months, casting interest an all such moneys to the rest, then to deduct so much of his account as had accrued to the time of the rest, and cast interest on the balance to the end of the year ; to cast interest in his favor, up to that year, on all debts paid by or due to him, as allowed by the commissioners on said estate, and to let that interest be extinguished out of the sum then found in his hands, and apply the balance on the principal of the debt due to him, and to proceed for another year in the same manner. The commissioners having re-stated the account and computed the interest, reported a balance in favor of the estate and against the said Phelps of $59.35. It appeared from the last report of said commissioners that they computed the interest on all moneys received by said Phelps, part of which were received before the return of the commission of insolvency to the probate court, as directed by this court, and gave him interest on all the claims allowed against the said estate, from the 6th of June 1827, the day of the return of the commission, the estate being sol-

vent, and that they had computed the interest in conformity with the above intructions of this court. To the acceptance of this report, the administrator, Phelps, objected.

1. Because the said commissioners charged him with interest on the money which came to his hands, for a period previous to the report of the commissioners of insolvency on said estate, and before he could legally pay it to creditors.

2. Because they charged him with interest on the sums, received by him, in all cases, from the day when he received the money.

And the administrators prayed to be allowed their taxable costs in this suit.

*S. S. Phelps*, for appellants.

I. There is no precedent for charging an administrator or other trustee with interest on a fund, which is locked up in his hands.

Before the return of the commissioners on an insolvent estate, the administrator is not at liberty to pay debts. It is his duty to collect the credits of the estate, and hold them until the debts are allowed.

II. The rule as to interest is, that an administrator or other trustee is not liable for interest, unless he make interest on the fund, or is guilty of negligence or unreasonable delay in regard to its application.

Neither of these grounds exists in this case.

The rule adopted by Chancellor *Kent*, in such case, was to charge interest after three months, considering that a reasonable time for an administrator to pay over the funds received.

There is no propriety in the rule contended for by the appellees,—for it results in compounding interest.

III. Shall the appellants be allowed costs, up to the filing of the first report? By the accounts, as adjusted by the probate court, one of the administrators was made debtor to the estate in the sum of $188,65. There were sundry errors in that account, which were rectified by the commissioners in their first report. Every point in controversy was decided by them, in favor of the administrators, and that report was sustained by the court in every particular, with the exception of the computation of interest. The mode of computing interest was not discussed before them. The nicety on this point was an after thought. As every point of con-

ADDISON,
January,
1838.

Admrs. of
Slade
v.
Heirs of
Slade.

troversy, as to the account, was found in favor of the administrators, they are entitled to the costs of correcting the errors of the probate court, and although, by unusual strictness as to interest, a small balance is found against them, yet this has no bearing upon the question of costs.

H. Seymour and E. D. Barber, for appellees.

The opinion of the Court was delivered by

WILLIAMS, C. J.—This subject has heretofore been before this court. The commissioners, at a former term, returned the account of the administrators into court, and adopted a rule of casting interest which to them appeared equitable. The report was recommitted with particular instructions on that subject. The report is returned with the interest cast, and the administrators now object to any allowance for interest.

It is difficult to lay down any general rule on the subject of interest, applicable to every case arising on an administrator's account. The circumstances of each particular case may vary the rule, and lay the foundation for the application of a new principle. Executors and administrators are trustees, and must be faithful in the execution of their trust, and so conduct as not to subject the estate to any unnecessary expense or charge. If the sums received by them are large, and cannot be immediately applied to extinguish claims against the estate, they should be deposited where they can be available and productive, if it can be done with safety, or without subjecting the trustees to hazard. This, however, is not the case before us.

If the sums received are small, and the debts against an estate are large, it may not be practicable to apply the sums in payment of the debts. In such a case, the administrator could not pay out the sums as fast as received, but would be justified in retaining until he could apply them, and ought not to be charged with interest. In short, whether he should be charged with interest, will depend on considerations arising from the facts and circumstances of each particular case.

In the case before us, the court at a former term, when the subject was before them, adopted a rule for this case, and gave their instructions accordingly, and we do not feel at liberty to depart from it. Another tribunal might have adopted a rule more favorable to the administrators, or less favorable, according to their view of the equity of the case.

Admrs. of
Slade
*v.*
Heirs of
Slade.

The commissioners have taken a correct view of the rule laid down by the court, i. e. to credit the administrators with the whole list of claims, and, as the estate was solvent, allow them interest thereon. It has been usual, in the settlement of accounts of this kind, thus to credit the administrators the whole amount of the claims allowed against the estate, and although I have had doubts as to the correctness of this method of settling administrators' accounts, yet, it is sanctioned by usage, and by the practice of this court. The account must, therefore, be allowed, as cast by the commissioners.

A claim for cost is made by both parties. The account allowed against the administrators by the probate court, was one hundred eighty eight dollars. From this they appealed. The sum now allowed is but about sixty dollars. The seventh section of the probate act provides, that on appeals from the probate court, cost shall be taxed in favor of the party recovering. Although one of the administrators is found in arrear, yet, he has succeeded in reducing the sums allowed against him. It might be difficult to say, which was the party recovering. The heirs claimed a large balance, as allowed by the probate court. They have failed in establishing this claim. The administrators claimed a balance, and on the first hearing the commissioners found a sum due to them. They have failed in establishing this claim. In the state of New Hampshire, in the case of *Griswold* v. *Chandler*, 6 N. H. R. 61, very similar to this, the court refused to tax cost for either party, as neither was entirely in the right. The provisions of the New Hampshire statute were very similar to the section of our statute, above referred to, and no discretionary power was given to the court. In the present case, no cost will be allowed, as both parties may be considered as recovering, and neither of them so exclusively so, as to be entitled to cost. The statute of 1833 makes it discretionary with the court whether to tax cost or not, in all appeals thereafter taken.