## In re ESTATE of PERRY

[597 A.2d 796]

No. 90-483

August 22, 1991. Appellant, an attorney and the ancillary administrator of the Perry estate, appeals from a decree of distribution in which the probate court ordered him to pay the heirs of the estate $1,000 in imputed interest because of his failure for more than fifteen months to place approximately $22,000 of estate funds into an interest-bearing account for the benefit of the heirs. Appellant argues that the court erred because (1) he had no duty to place estate funds in an interest-bearing account absent a request by the parties or an order by the court to do so, and (2) he had no reason to believe that there would be significant delays in distribution of the funds. We conclude that the probate court did not abuse its discretion, given the circumstances of this case.

An administrator may be charged with interest on estate funds received by him when he unreasonably or unnecessarily allows them to remain idle. *Riley v. Estate of McInlear*, 61 Vt. 254, 264, 17 A. 729, 733 (1889); *Slade v. Slade*, 10 Vt. 192, 195 (1838). Whether an administrator will be charged with interest on such funds depends on the particular facts and circumstances of each case, *Riley*, 61 Vt. at 263–64, 17 A. at 733; *Slade*, 10 Vt. at 195, and lies within the discretion of the trial court. See, e.g., *In re Estate of Kugler*, 117 Wis. 2d 314, 322, 344 N.W.2d 160, 164–65 (1984). An administrator's duty to manage an estate includes a duty to reasonably invest funds that will not be distributed within a reasonably short time and that will not be needed to pay estate claims or administrative costs. See, e.g., *In re D'Espinay-Durtal's Will*, 4 A.D.2d 141, 142, 163 N.Y.S.2d 309, 310–11 (1957). Thus, an administrator is chargeable with interest, even when he or she has not profited from the handling of estate funds, where the funds are substantial and can neither be immediately applied to extinguish claims against the estate nor distributed among the heirs within a reasonably short time. See *Slade*, 10 Vt. at 195; *Tabler v. Weller*, 342 S.E.2d 234, 237 (W. Va. 1986); *Kugler*, 117 Wis. 2d at 322–23, 344 N.W.2d at 164.

The issue here is whether it was within the probate court's discretion to impute interest to the administrator under the instant circumstances. We give little weight to appellant's

argument that the probate court and the heirs were both aware of the fact that at a certain point the funds were not in an interest-bearing account. The administrator, not the probate court or the heirs, is the fiduciary that has the duty to manage estate funds. As for appellant's argument that he expected to distribute the funds within a short time but could not do so due to the domiciliary administrator's failure to provide a required affidavit stating that the estate debts had been paid, we cannot conclude that this circumstance excuses appellant as a matter of law or that the probate court abused its discretion. The key inquiry is whether under the circumstances the administrator exercised the judgment and care that persons of discretion and intelligence exercise in the management of their own affairs. *Kugler*, 117 Wis. 2d at 322, 344 N.W.2d at 164. Here, the length of time involved (over fifteen months) and the amount of money (over $22,000) held by appellant militates against him. We are unable to conclude on the basis of the record before us that the probate court erred or abused its discretion.

*Affirmed.*