# In re Estate of Gilbert D. Johnson

[613 A.2d 703]

No. 91-199

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed June 19, 1992

*Charles D. Hickey*, St. Johnsbury, for Plaintiff-Appellant.

*David A. Otterman* of *Otterman and Allen, P.C.*, Barre, for Defendants-Appellees.

**Allen, C.J.** A proponent of a lost will appeals from a final decree of the probate court, which ruled that she failed to overcome the presumption of revocation. On appeal, proponent argues that (1) the probate court improperly admitted evidence of the testator's character, (2) her opponents waived rights under

the Dead Man's statute, and (3) she presented sufficient evidence to overcome the rebuttable presumption that the testator had revoked the lost will. This case causes us to consider whether we may review, on direct appeal from a final probate decree, claims of error involving mixed questions of law and fact. We conclude that our jurisdiction is limited to the review of only "pure" questions of law capable of accurate resolution without reliance on factual distinctions. We therefore transfer the instant appeal to the superior court.

Our analysis begins with an examination of the pertinent statutes and rules of appellate procedure. 12 V.S.A. § 2551 states: "The supreme court shall have jurisdiction of *questions of law* arising in the course of the proceedings of the county and probate courts in probate matters, as in other causes." (Emphasis added.) 12 V.S.A. § 2386(a) states: "Before final judgment in civil actions or proceedings in the county courts, the probate courts, or the district court, [an] appeal to the supreme court for the determination of *questions of law* may be taken in such manner and under such conditions as the supreme court may by rule provide." (Emphasis added.) V.R.A.P. 13 deals with direct appeals from probate court to this Court, stating that the "record on appeal shall consist of a certified copy of the proceedings appealed from, setting forth the *questions of law* to be determined by the Supreme Court." V.R.A.P. 13(c) (emphasis added).

We have not previously construed the term "questions of law" as used in the aforementioned statutes and rule. We have, however, on occasion accepted appeals directly from the probate court which required us to apply the law to particular facts. See, e.g., *In re Estate of Perry*, 157 Vt. 650, 650, 597 A.2d 796, 797 (1991) (Court's review of whether administrator will be charged with interest on estate funds depends on particular facts and circumstances of the case); *In re Estate of Neil*, 152 Vt. 124, 129–30, 565 A.2d 1309, 1312–13 (1989) (this Court considers evidence presented in probate court in reviewing denied claim for adverse possession); *In re Fletcher*, 144 Vt. 419, 421, 479 A.2d 134, 135–36 (1984) (in absence of certified question of law, Court elected, under V.R.A.P. 2, to review whether father had abandoned his child, where issue was joined in briefs and was a simple one).

■ Notwithstanding these cases, which imply but do not decide that mixed questions of law and fact[1] are appropriate for review in this Court, we now hold that we will review only "pure" questions of law, the resolution of which do not depend upon factual distinctions and do not require review of the record. See, e.g., *Chaney v. Lewis*, 801 F.2d 1191, 1194 (9th Cir. 1986) (challenge to constitutionality of death penalty statute, where claim raises no factual issues, involves pure question of law). Limiting direct appeals to pure questions of law follows the relevant statutes and rules and does not directly conflict with precedent. In *In re Estate of Davis*, 125 Vt. 446, 449, 218 A.2d 390, 392 (1966), we rejected an argument that the repeal of 12 V.S.A. § 2552[2] denied litigants direct access to this Court for appeals from final probate decrees. We held that 12 V.S.A. § 2551 preserved the right of direct appeal to this Court. *Id.* In that opinion, however, we did not reach the issue now under consideration.

■■ We will now treat probate appeals to this Court as we treat interlocutory appeals under V.R.A.P. 5(b) and consider only those questions "capable of accurate resolution . . . without the benefit of a factual record." *In re Pyramid Co.*, 141 Vt. 294, 304, 449 A.2d 915, 920 (1982). As under Rule 5(b), "[s]imply phrasing a question as turning on a matter of law does not create a question of law . . . ." *Id.* Where factual distinctions could control the resolution of an issue presented from a probate proceeding, the issue is not appropriate for review by this Court. See *id.* For an example of this Court deciding an appeal from probate court involving a purely legal question see *In re Estate of Eddy*, 135 Vt. 468, 474, 380 A.2d 530, 535 (1977), where we held that certain probate fees violated the proportional distribution clause of the Vermont Constitution. Resolution of the issues presented here—which involve the admission of character evidence, waiver of the Dead Man's statute, and the rebutt-

---

[1] "[M]ixed questions of law and fact involve 'the application of legal principles to the historical facts of [the] case.' " *Hance v. Zant*, 696 F.2d 940, 947 (11th Cir. 1983) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 342 (1980)).

[2] This statute, repealed in 1959, stated: "A person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take such cause directly to the supreme court . . . ." 12 V.S.A. § 2552 (repealed 1959).

able presumption of revocation—requires consideration of the particular procedural and substantive facts of the case, and they are more appropriately addressed in superior court pursuant to 12 V.S.A. §§ 2553 and 2555.

Those provisions expressly provide that the "[superior] court shall have appellate jurisdiction of matters originally within the jurisdiction of the probate court," *id.* § 2553, and that a "person interested in an order, sentence, decree or denial of a probate court . . . may appeal therefrom to the [superior] court." *Id.* § 2555. We do not believe that the legislature intended to create a forum choice for litigants, and our interpretation of § 2551 avoids inconsistency and minimizes concurrent jurisdiction. See *In re Preseault*, 130 Vt. 343, 348, 292 A.2d 832, 835 (1972) ("When the provisions of a law are inconsistent, effect must be given to those which harmonize with the context and the apparent intent of the legislature."). Fostering the orderly, consistent administration of justice and discouraging forum shopping are legitimate state interests, see *In re Marriage of Duff*, 223 Ill. App. 3d 889, 894, 585 N.E.2d 1259, 1263 (1992); *Cohen v. Seletsky*, 142 A.D.2d 111, 121, 534 N.Y.S.2d 688, 694 (1988), which we advance with our holding today.

Were we to dismiss the instant appeal, appellant would be without recourse in the superior court because the time for filing an appeal to that court has expired. V.R.C.P. 72(a); V.R.A.P. 4. To avoid such a result, which would be harsh and unjust due to appellant's likely reliance on our prior practice, we transfer the cause to the superior court pursuant to our supervisory authority. See 4 V.S.A. § 2(b) (this Court has "jurisdiction to issue all . . . orders that may be necessary to the furtherance of justice"); see also *State v. Hunt*, 150 Vt. 483, 488–89, 555 A.2d 369, 373 (1988) (this Court has supervisory authority to direct a change of venue "to prevent a failure of justice"), *cert. denied*, 489 U.S. 1026 (1989).

*Cause transferred to the superior court.*