## In re Estate of Charles A. Piche

[697 A.2d 674]

No. 96-265

Present: **Amestoy, C.J., Gibson, Dooley and Morse, JJ.**

Opinion Filed June 13, 1997

*Frederick G. Cleveland* and *David P. McHugh* of *McKee, Giuliani & Cleveland, P.C.*, Montpelier, for Appellant Vermont State Employees Credit Union.

*David Putter* of *Saxer, Anderson, Wolinsky and Sunshine*, Montpelier, for Cross-Appellant Arthur Simonds.

*Stephen J. Murphy*, Montpelier, for Appellee Fred R. Boudreau.

**Amestoy, C.J.** The Vermont State Employees Credit Union (VSECU) appeals a decision of the Washington Probate Court, arguing that the court does not have subject matter jurisdiction to determine title to decedent's VSECU account. Both decedent's personal representative and decedent's nephew, the stated beneficiary on a designation-of-beneficiary card filed at VSECU, claim title to the account. We hold that the probate court has jurisdiction to determine title to personal property where the issue is necessary and incidental to the determination of other matters within the probate court's jurisdiction.

Decedent died testate in January 1996. His will named his nephew beneficiary of two life insurance policies, one issued by VSECU and the other by the State of Vermont. Decedent left the remainder of his estate in equal portions to his nephew and two others. He also left a signature card and a designation-of-beneficiary card, naming his nephew beneficiary of all sums paid under the VSECU life insurance policy "and all monies on deposit" at VSECU.

The executor filed a petition for declaratory judgment asking the probate court to declare the rightful owner of a VSECU account containing $51,810. The court concluded "that the determination of the ownership of the account in question among the heirs and legatees is within the declaratory judgment jurisdiction of the probate court" and that the account was an asset of the estate. VSECU appealed, arguing that the probate court did not have subject matter jurisdic-

tion to determine title to the account. The nephew filed a cross-appeal, agreeing with VSECU, and the executor filed a brief in opposition.

VSECU argues that although the probate court has plenary and exclusive jurisdiction over the probate of wills and the settlement of estates, see 4 V.S.A. § 311; *Murray v. Cartmell*, 118 Vt. 178, 180, 102 A.2d 853, 855 (1954), this jurisdiction is special and limited, and conferred by statute. *In re Will of Prudenzano*, 116 Vt. 55, 60, 68 A.2d 704, 708 (1949). It contends that there is no statute specifically conferring upon the probate court subject matter jurisdiction to determine title to personal property. While conceding that there is "some authority" for the proposition that a probate court may determine title to property where the determination is a necessary incident to the administration of the estate, VSECU asserts that the absence of an enabling statute requires us to vacate the probate court's ruling declaring title to the disputed savings account.[1]

We disagree because VSECU's argument (1) ignores cases of this Court that have implicitly acknowledged the authority of the probate court to determine title to property where the determination is a necessary incident to the administration of the estate; (2) understates the significant authority from other jurisdictions that have addressed the issue; and (3) urges a result that runs counter to the sound, practical, and efficient administration of estates. See *id.* at 60-61, 68 A.2d at 708 ("The leading idea of the Probate Court system is to confer upon it original, plenary and exclusive jurisdiction in the settlement of estates.").

While VSECU is literally correct that Vermont case law has not "squarely decided" whether a probate court has subject matter jurisdiction to determine title to property, it fails to recognize opinions of this Court that have necessarily been predicated on such jurisdiction. As in the case before us, the probate court in *In re Estate of Holbrook*, 138 Vt. 597, 420 A.2d 110 (1980), determined title to disputed savings accounts. The decedent died testate leaving her

---

[1]VSECU also argues that the probate court's reliance on the Declaratory Judgment Act is misplaced. See 12 V.S.A. § 4711 ("probate courts within their respective jurisdictions shall have power to declare rights, status and other legal relations"). This argument is predicated upon the notion that the probate court does not have jurisdiction to try title to property when determination of the issue is a necessary incident to the administration of the estate. Because we hold that under the facts of this case the probate court was acting within its jurisdiction in determining title to the disputed account, VSECU's contention that the probate court was not authorized to rely on the Declaratory Judgment Act must fail. See 4 V.S.A. § 311 (authorizing probate court to issue declaratory judgments).

bank deposits to one daughter and her real estate to another. The bank accounts — all in New Hampshire — were in the names of the decedent and her two daughters. Upon the decedent's death, the daughters withdrew the money in the accounts and divided it equally. The daughter who was to receive the bank deposits under her mother's will petitioned the probate court to include the accounts in the assets of the estate. The probate court applied New Hampshire law, and determined that the accounts were not part of the estate. The daughter appealed, arguing that under Vermont law, legal title to the decedent's personal property passes to her executor. This Court observed that "the real point in issue" and "[t]he first decision to be made" was "whether the accounts and deposits were, upon the death of the testatrix, her personal property." *Id.* at 600, 420 A.2d at 112 (emphasis omitted). It then upheld the probate court's determination that governing New Hampshire law refuted the contention that the accounts in question were assets of the probate estate. *Id.* at 600, 420 A.2d at 112-13. This Court approved the exclusion of the accounts from the inventory, but vacated the order and decree for a recalculation of estate taxes. *Id.* at 600-02, 420 A.2d at 113.

Had this Court shared VSECU's view that Vermont's probate courts are without authority to determine title to property when such a determination is a necessary incident to matters within its jurisdiction, the decision in *Holbrook* would not have addressed whether the probate court correctly determined title to the bank accounts. See *Glass v. Newport Clothing Co.*, 110 Vt. 368, 373, 8 A.2d 651, 653 (1939) (Supreme Court will "dismiss a cause at any stage, whether moved by a party or not, when a lack of jurisdiction is discovered"). This Court has affirmed determinations of title to personal property by probate courts before and since *Holbrook*. See, e.g., *In re Estate of Adams*, 155 Vt. 517, 519, 522, 587 A.2d 958, 959-61 (1990) (affirming in part probate court's determination that title to bank accounts passed by right of survivorship); *Trask v. Walker's Estate*, 100 Vt. 51, 55, 64-65, 134 A. 853, 855, 859 (1926) (upholding probate court's determination that decedent spent or transferred property inter vivos and that executrix was correct in not including such property in accounting of estate).[2]

---

[2]VSECU cites *In re Estate of Allen*, 129 Vt. 107, 272 A.2d 130 (1970), to support its contention that in the absence of a specific statute the probate court cannot determine title to personal property. Yet nothing in *Allen* is inconsistent with our decision today that probate courts have the authority to decide title to property where such determinations are a necessary incident to the administration of an estate. See *id.* at

As the probate court noted, determining title to personal property, or "what is 'in' and what is 'out' of the probate estate is a common aspect of estate administration." See *Carlson v. Carlson*, 273 S.W.2d 542, 544 (Ark. 1954) ("[T]he probate court, in the exercise of its jurisdiction to administer the estates of decedents, is authorized to determine what property belongs to the estate."). Many jurisdictions agree with Vermont that the determination of title to property is a necessary incident to the settlement of a decedent's estate. See, e.g., *Snow v. Martensen*, 505 S.W.2d 20, 22 (Ark. 1974) (probate court can determine question of title to property, for question arises as necessary incident to administration of estate); *Egnatic v. Wollard*, 137 P.2d 188, 196, 198 (Kan. 1943) (when estate is being administered by probate court, it is necessary that right or title to funds, real estate, or other property be determined so that estate may be settled; probate court has jurisdiction over all matters incident and ancillary to control, management, administration, settlement, and distribution of estate); *Stephens v. Estate of Campbell*, 865 S.W.2d 411, 412 (Mo. Ct. App. 1993) ("Once competent jurisdiction is obtained by a probate court over an estate, it continues exclusively in that court as to all matters pertaining directly to the settlement of the estate until the final distribution . . . ."); *Graves v. First Nat'l Bank*, 138 N.W.2d 584, 588 (N.D. 1965) (probate court has jurisdiction to determine whether trustee named in will or heirs at law are entitled to property as decision is necessary to administration of estate).

Whether the determination of property ownership is necessary and incidental to matters within the probate court's jurisdiction depends upon the relationship of the parties to the estate. "The general rule is that the probate court is without power to decide a disputed claim between an estate and a stranger thereto." *Philbrick v. Huff*, 131 Cal. Rptr. 733, 744 (Ct. App. 1976); see also *Snow*, 505 S.W.2d at 23 (probate court does not have jurisdiction to determine title to property between personal representative and third person claiming adversely to estate). A "stranger" to the estate is generally defined as a person or entity that is not an heir or beneficiary under the will. See *In re Estate of Blaney*, 607 P.2d 354, 356 (Wyo. 1980) ("'It is thoroughly established that in probate proceedings title to property as between the estate, the heirs or devisees, and a third person may

---

110, 272 A.2d at 132 ("In general, a probate court cannot determine a question of title to real property *unless such question arises collaterally as a necessary incident to the determination of other matters within the probate jurisdiction.*") (emphasis added).

not be tried.'") (quoting 1 Bancroft's Probate Practice § 27, at 70-71 (2d ed. 1950)) (footnote omitted).

In the present case, the stated beneficiary on the designation-of-beneficiary card filed with VSECU is also, as nephew of the decedent, a beneficiary under the will. He is not a stranger to the estate, and therefore, the probate court may determine whether he or the estate is entitled to the VSECU account. See *Wayman v. Alanko*, 351 P.2d 100, 104 (Wyo. 1960) (if controversy is between estate and those not strangers thereto, superior court sitting in probate has power to adjudicate conflicting claims).

Not only is our holding consistent with the case law of this and other jurisdictions, it also furthers the sound, practical, and efficient administration of estates. By forcing parties to litigate their title disputes in a separate court, we prolong the probate process and increase its cost. See *Noble v. McNerney*, 419 N.W.2d 424, 427 (Mich. Ct. App. 1988) (allowing probate court to determine what assets are within estate undoubtedly is beneficial to estate's general administration). We agree with the executor in this case that the probate court has jurisdiction to determine title to personal property; to find otherwise would deprive the probate court of the ability to function efficiently and effectively and result in many contested cases having hearings in the superior court before the settlement of the estate could proceed. We decline to complicate the probate process by precluding the probate court from deciding matters that are necessary and incidental to the effective administration of estates.

█ Finally, in his cross-appeal decedent's nephew notes that 12 V.S.A. § 2555 provides a right of appeal from the probate court to the superior court, apparently believing that VSECU's appeal to this Court rendered the superior court "unavailable" to decide his claim of ownership. We do not address the validity of this belief, but instead, pursuant to the request of all parties, transfer the cause to the superior court for a de novo trial on the issue of ownership. See 4 V.S.A. § 2(b) (Court has "jurisdiction to issue all . . . orders that may be necessary to the furtherance of justice"); *In re Estate of Johnson*, 158 Vt. 557, 560, 613 A.2d 703, 705 (1992) (transferring cause to superior court pursuant to supervisory authority).

*The decision of the probate court that it has subject matter jurisdiction to determine title to the VSECU account is affirmed. The matter is transferred to the superior court for a de novo trial.*