Bixby v. Lawrence, No. 69-2-11 Rdcv (Teachout, J., Aug. 13, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 69-2-11 Rdcv** |

**RUTH BIXBY,**
      **Appellant**

      **v.**

**GWENDOLYN R. LAWRENCE,**
**KATHLEEN LAWRENCE, WANDA BARLOW,**
**LAWRENCE BIXBY, BARBARA BUNKER,**
**BONNIE BAKER, IRENE L. POMEROY,**
**RHONDA J. BIXBY, LAWRENCE R. BIXBY,**
**RICHARD N. BXIBY, DIANE BIXBY,**
**ELAINE MINER, HOWARD L. BIXBY,**
**WILLARD CHARLES BIXBY, JR., JAMES BIXBY,**
**RONALD BIXBY, DONNA EVARTS,**
**DONALD BIXBY, HOWARD ARTHUR BIXBY, SR.,**
**JOSEPH MICHAEL BIXBY, SR., ROBERT BIXBY,**
**LAUREL KNIGHT, and KEVIN BIXBY,**
      **Appellees**


### DECISION ON MOTION FOR SUMMARY JUDGMENT

This case involves a dispute as to the ownership of an approximately one-acre parcel of real property located in Wallingford, Vermont. Appellant Ruth Bixby brought a petition in the Rutland Probate Court asking the court to find that she was legally entitled to the property by means of adverse possession. The Probate Court denied this petition in an order dated January 5, 2011, and she subsequently filed the present appeal.

On December 14, 2011, a group of 18 other claimants to property moved for summary judgment on Ruth Bixby's claim of adverse possession. These 18 claimants are all represented by Attorney Frederick M. Glover. Ruth Bixby is represented by Attorney Sigismund Wysolmerski.

### Facts

As Ruth Bixby is the nonmoving party, these facts are presented in the light most favorable to her. The property at issue here was conveyed to Ernest and Nellie Bixby, husband and wife, by a warranty deed dated January 27, 1922. This was the last

conveyance of the property. Ernest Bixby died in 1933 and Nellie Bixby died in 1939; neither left a will and no estate was ever opened for either.

Ernest and Nellie Bixby had seven children. At the time of Nellie's death, several of the children were still minors. Howard Bixby, one of Ernest and Nellie's sons, was appointed guardian for four of his younger siblings in 1939. By 1948, all of the other siblings had moved away. Howard Bixby, along with his wife Ruth Bixby, continued to live at the Wallingford property until his death in 2005. Ruth Bixby continues to reside at the property.

Howard and Ruth Bixby treated the property as if they were the homeowners. They made repairs and improvements to the property and paid taxes on it. Although other relatives made social visits to property, no other relatives resided on the property. Howard and Ruth acquired additional property surrounding the property that is at issue in the adverse possession claim. This additional property contains the septic and water supply for the house located on the one-acre parcel.

Over the years, Howard entered into discussions with other family members about settling his mother's estate. Although some siblings indicated that Ruth and Howard should be entitled to the house because of the work they put in raising the younger siblings, no settlement was ever reached. Family members argued over the ownership and valuation of the property.

**Analysis**

As Nellie Bixby died intestate, all seven of the Bixby children acquired a 1/7 share of interest in the subject property upon her death. 14 V.S.A. § 551.[1] Thus, all of the siblings held the property as cotenants. Ruth Bixby now attempts to claim the subject property by means of adverse possession.

Adverse possession requires the open, notorious, and hostile possession of another's property for a fifteen-year period. *In re Estate of Neil*, 152 Vt. 124, 127 (1989), *overruled in part on other grounds by In re Estate of Johnson*, 158 Vt. 557, 558-59 (1992). The burden is on the claimant to show adverse possession. *Id*. The burden of proof is greater than usual in cases where the claimant seeks to terminate the property interests of family members who are tenants in common. *Id*.

In order for a co-tenant to take by adverse possession, he must "oust his fellow co-tenants by some overt and notorious act of an unequivocal character, indicating an assertion of ownership of the entire premises to the exclusion of the rights of the others." *Bemis v. Lamb*, 135 Vt. 618, 621 (1978). The claimant must overcome the presumption that a single cotenant in possession is holding the property for all of the cotenants. *Neil*, 152 Vt. 128. Making improvements to property and paying taxes on the property are not

---

[1] 14 V.S.A. § 551, the statute in effect at the time of Nellie Bixby's death, was repealed in 2009, and the the portion relevant here was recodified as 14 V.S.A. § 314(a). There was no substantive change to the relevant provision.

necessarily inconsistent with a co-tenancy. *Id.*; see also *Waterman v. Moody*, 92 Vt. 218, 234 (1918) (holding that the law presumes that the payment of taxes by a cotenant in possession is on the behalf of the non-possessory cotenants).

Thus, Howard and Ruth Bixby's repairs and improvements to property are not sufficient to establish adverse possession. Their payment of property taxes is similarly insufficient. Rather, there must be an "overt and act of an unequivocal character" to indicate their exclusive ownership. See *Scott v. Leonard*, 119 Vt. 86, 103 (1956) (holding that placing a barricade across an easement gave notice that claimant's possession was exclusive).

Ruth Bixby points to the arguments between Howard Bixby and other family members as the overt act necessary to establish her adverse possession claim. Even if Howard Bixby made claims of exclusive possession of the property in these arguments as Ruth Bixby asserts, this would not be sufficient to establish adverse possession under Vermont law. It is undisputed that these arguments were part of a series of discussions concerning the settlement of Nellie Bixby's estate. This context illustrates the continuing uncertainty over the status of the subject property. Ultimately, the family members were unable to reach a resolution and the uncertainty continued. Any statements made by Howard Bixby in this context were not the unequivocal acts needed to maintain an adverse possession claim.

Because Ruth Bixby cannot satisfy her high burden for making out adverse possession against family member cotenants, her claim fails as a matter of law.[2]

### ORDER

Motion for Summary Judgment is *granted.* The Probate Division Order of January 5, 2011 is affirmed, and the case is remanded to the Probate Division for further proceedings.

Dated at Rutland this 10th day of August, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge

---

[2] Ruth Bixby also argues that summary judgment is inappropriate because of her confusion at the hearing below as to one of opposing counsel's questions concerning "hostility." The Court has not relied on this question or response; therefore, this argument is moot.

3