NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 61

No. 2019-020

| | |
|---|---|
| In re Peter Val Preda Trusts<br>(Peter Val Preda, Jr., Appellant) | Supreme Court<br><br>On Appeal from<br>Superior Court, Chittenden Unit,<br>Civil Division<br><br>May Term, 2019 |

Helen M. Toor, J.

Nancy Val Preda, Athens, Georgia, for Appellant.

Navah C. Spero of Gravel & Shea PC, Burlington, for Appellee, Co-Trustee Diana Val Preda.

PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.     **REIBER, C.J.**   Petitioner appeals the civil division's determination that it lacked jurisdiction to consider his appeal of the probate division's dismissal of his petition to remove the individual family co-trustee on two trusts of which he is a beneficiary and to name his wife as successor trustee.  We uphold the civil division's reasoning but transfer petitioner's appeal to this Court and remand the matter for further proceedings in the probate division on the petition for removal of trustee.

¶ 2.     Petitioner and respondent are siblings and the children of the donor of the trusts at issue.  Both the donor and his wife are now deceased.  Respondent and a bank are currently co-trustees of the trusts.  In June 2018, petitioner filed a petition asking the probate division to remove respondent as the individual family trustee of the trusts and appoint petitioner's wife as

respondent's successor. See 14A V.S.A. § 706(a)-(c) (permitting beneficiary to seek removal and replacement of trustee and setting forth factors for court to consider in determining whether to do so). Petitioner asserted that removal of the individual family trustee would improve administration of the trust. He cited as bases for removal the noncommunicative relationship between him and respondent and respondent's lack of attention to the investment performance of the trusts.

¶ 3. Respondent filed an opposition to the petition, stating that the trusts did not permit distribution of the trusts' principal to petitioner under any circumstances, that petitioner was already receiving all of the interest income from the trusts, and that petitioner had not previously sought any changes to investment strategies or requested any increased communication from the trustees. Respondent argued that petitioner had failed to demonstrate any basis for her removal under the factors set forth in § 706. Not all of the beneficiaries indicated that they supported the petition, and all interested parties presumed that there would be a hearing on the disputed petition.

¶ 4. In an August 23, 2018 decision, without holding a hearing and in the absence of a motion to dismiss, the probate division denied the petition, stating that, "[u]pon review of the Petitioner's moving papers and the reply of Trustee, the court will decline to intervene in the administration of this trust." In support of that statement, the probate division cited 14A V.S.A. § 201(a), which provides that the probate division "may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." (Emphasis added.) The court concluded that petitioner had "not made a prima facie showing of any deficiency in trust administration (of either trust) that might invoke a need for the intervention of this court." Citing restrictive trust provisions that gave only respondent the right to remove the corporate trustee, the court stated that the "clear terms of the trust must govern in light of the court's conclusions with regard to the factual basis alleged by [petitioner]."

¶ 5. Petitioner filed a timely notice of appeal to the civil division, which determined that it lacked jurisdiction to consider the appeal because it raised only issues of law that should have

been appealed to this Court. Compare 12 V.S.A. § 2551 ("The Supreme Court shall have jurisdiction of questions of law arising in the course of the proceedings of the Superior Courts in probate matters, as in other causes."), with 12 V.S.A. § 2553 ("The Civil Division of the Superior Court shall have appellate jurisdiction of matters originally within the jurisdiction of the Probate Division of the Superior Court, except as herein otherwise provided."), and 12 V.S.A. § 2555 ("Except as otherwise provided, a person interested in an order, sentence, decree, or denial of a Probate Division of the Superior Court, who considers himself or herself injured thereby, may appeal therefrom to the Civil Division of the Superior Court."). The civil division described the issues on appeal from the probate division's ruling as follows: (1) whether the probate division was correct in concluding that § 201 allowed it "to reject a request to intervene even when an interested person invokes [its] jurisdiction" and (2) if the probate division can do so, "whether the facts set forth in the petition were sufficient to determine that there was no basis to intervene." In the civil division's view, the probate division's order was equivalent to a ruling on a motion to dismiss and did not involve any factfinding or weighing of evidence, thereby requiring an appeal to this Court rather than the civil division.

¶ 6.     Petitioner appeals the civil division's order, arguing that: (1) the probate division erred by dismissing his petition without notice to the parties; and (2) the civil division erred in dismissing the appeal for lack of subject matter jurisdiction. For her part, respondent argues that: (1) the civil division correctly concluded that petitioner's only avenue of appeal from the probate division's order was an appeal to this Court; and (2) the probate division's order is not properly before this Court.

¶ 7.     We agree with the civil division's assessment that petitioner's appeal from the probate division's August 23 order essentially concerned questions of law because the probate division: (1) suggested that § 201 gave it discretion to refuse to intervene in matters over which it had jurisdiction; and (2) indicated it was dismissing the petition for removal based solely on the

3

parties' pleadings.  See <u>Flint v. Dep't of Labor</u>, 2017 VT 89, ¶ 3, 205 Vt. 558, 177 A.3d 1080 (review of judgment on pleading focuses on "court's conclusions of law, which we review de novo").  Accordingly, petitioner should have appealed the probate division's order directly to this Court.  See <u>In re Estate of Johnson</u>, 158 Vt. 557, 559, 613 A.2d 703, 704 (1992) (holding, with respect to probate appeals, that "we will review only 'pure' questions of law, the resolution of which do not depend upon factual distinctions and do not require review of the record").

¶ 8.    Nevertheless, rather than dismissing the appeal, we will consider it as having been filed with this Court rather than the civil division.  See <u>id</u>. at 559-60, 613 A.2d at 704-05 (transferring probate appeal involving more than pure question of law from Supreme Court to superior court pursuant to "supervisory authority" set forth in Vermont Rule of Appellate Procedure § 2 to avoid dismissal of appeal, "which would be harsh and unjust due to appellant's likely reliance on our prior practice" of reviewing mixed questions of law and fact); see also <u>In re J.C.</u>, 169 Vt. 139, 145, 730 A.2d 588, 592 (1999) (transferring appeal of probate court's decision whether to terminate parental rights in children's best interests "to avoid an unduly harsh result"); <u>In re Estate of Piche</u>, 166 Vt. 479, 484, 697 A.2d 674, 677 (1997) (transferring to superior court, for de novo trial, claim of error in cross-appeal regarding ownership of property in probate matter).

¶ 9.    Determining which court is the appropriate place to appeal from a probate division order can be a subtle proposition.  See <u>In re Guardianship of A.S.</u>, 2012 VT 70, ¶ 18 n.4, 192 Vt. 631, 57 A.3d 716 (mem.) (noting that consideration of probate court order for abuse of discretion would ordinarily require factual distinctions and review of record in superior court, but Supreme Court may review parties' positions and probate division's rationale—as opposed to considering testimony or parsing actual distinctions—to determine whether probate court abused its discretion as matter of law).  That is particularly true here, where the probate division's rationale for not intervening in this matter is not entirely clear.  The probate division appeared to base its decision not to intervene on § 201, which is part of a relatively recent statute that this Court has not yet

4

construed. See 2009, No. 20, § 1. The court, however, also indicated that it had considered the factual allegations in both parties' pleadings, as well as provisions in the underlying trusts. Petitioner timely appealed the probate division's order, and we conclude that it would be unduly harsh under these circumstances to dismiss petitioner's appeal based on petitioner's incorrect assumption that it should be reviewed by the civil division rather than this Court.

¶ 10. Turning to the merits of the appeal, we conclude that the matter must be remanded for the probate division to give petitioner an opportunity to avoid dismissal of the petition. As an initial matter, the probate division erred to the extent it construed § 201 as permitting it to decline to intervene in a matter within its jurisdiction outside the parameters for dismissal of an action. Section 201's use of the permissive "may" in allowing the probate division to intervene in matters within its jurisdiction does not suggest that the court has unbridled discretion on whether to consider such matters. Rather, as suggested in the Official Comment to that section, which is part of the Uniform Trust Code that the Legislature adopted in 14A V.S.A. §§ 101-1204, the point of this provision is that the probate division does not have automatic ongoing supervision over the administration of trusts, but may intervene in matters within its jurisdiction, such as a petition for removal of a trustee. See Official Comment, 14A V.S.A. § 201 (noting that "the Uniform Trust Code does not create a system of routine or mandatory court supervision," but that "the court is always available to the extent its jurisdiction is invoked by interested persons").

¶ 11. Here, petitioner sought removal of the individual family trustee and replacement with a successor trustee, pursuant to 14A V.S.A. § 706(a), which provides, in relevant part, that "a beneficiary may request the probate division of the superior court to remove a trustee . . . or to replace a trustee" under the applicable sections set forth therein. The bases for removal of a trustee, some of which are quite general, are set forth in § 706(b), and the bases for removal and appointment of a replacement trustee are set forth in § 706(c). See Official Comment, 14A V.S.A. § 706 ("Friction between the trustee and beneficiaries is ordinarily not a basis for removal.

5

However, removal might be justified if a communications breakdown is caused by the trustee or appears to be incurable.").

¶ 12. Respondent opposed the petition, making multiple factual allegations and alleging its legal insufficiency, but the probate division dismissed the petition without holding a hearing or affording petitioner an opportunity to address any shortcomings in the petition cited in respondent's opposition. In doing so, the probate division indicated that it considered the parties' pleadings without explicitly stating that it was accepting as true all of petitioner's allegations, including any reasonable inferences from those allegations, and assuming to be false all contravening allegations in respondent's answer. Cf. Flint, 2017 VT 89, ¶ 3 (stating standard for assessing motion for judgment on pleadings pursuant to Vermont Rule of Civil Procedure 12(c)). Moreover, in dismissing the petition, the probate division relied upon trust provisions that concerned removal of the corporate trustee, not the individual family trustee, who was the object of the instant petition.

¶ 13. Moreover, this Court has stated that "before the trial court may dismiss a complaint for failure to state a cause of action on its own motion, the court must notify the parties of the proposed action, and afford an opportunity to address the asserted grounds for dismissal, either in written form or at an oral hearing." Huminski v. Lavoie, 173 Vt. 517, 519, 787 A.2d 489, 492 (2001) (mem.) (explaining that "although a claim may be entirely spurious on its face, the court cannot know, without hearing the parties, whether the plaintiff may be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief"); cf. Ondovchik Family Ltd. P'ship v. Agency of Transp., 2010 VT 35, ¶ 7, 187 Vt. 556, 996 A.2d 1179 (distinguishing Huminski where simple facts were undisputed, trial court explicitly accepted as true plaintiff's factual allegations, and "court stated that no facts or circumstances, however differently alleged, would entitle Plaintiff to any legal relief" (quotation omitted)). When there is a motion to dismiss, it "enable[s] the plaintiff to respond meaningfully by countering the legal arguments asserted, or by clarifying the

factual allegations to conform to the requirements of a valid cause of action." Huminski, 173 Vt. at 519-20, 787 A.2d at 492. "In contrast, sua sponte dismissals without adequate notice to the parties tend to short-circuit the process, and ultimately to prolong the proceedings and squander judicial resources." Id. at 520, 787 A.2d at 492-93 (noting that "sua sponte dismissals are also disfavored because they cast the judge in the role of a proponent rather than an independent entity" (quotation omitted)).*

¶ 14.    Given the circumstances of this case and the above considerations, we conclude that the matter must be remanded for the probate division to give petitioner an opportunity to counter legal arguments for dismissal and to clarify or detail the factual assertions in support of his request for removal and replacement of the individual family trustee.

Petitioner's appeal from the probate division's August 23, 2018 order is transferred to this Court.  The August 23 order is reversed, and the matter is remanded for the probate division to provide petitioner an opportunity to contest the dismissal of his petition for removal and replacement of the individual family co-trustee.

FOR THE COURT:

_____
Chief Justice

---

* Under Vermont Rule of Probate Procedure 7(d), "oral argument on a motion shall be deemed waived unless requested by an interested party or required by the court," and "[t]he court may dispose of the motion without argument whether or not the parties have waived oral argument."  This case, of course, concerns the dismissal of a petition, not the denial of a motion. As noted, all parties in their filings indicated that they expected the probate division to hold a hearing on the disputed petition.