VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    25-AP-296



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2026

In re Estate of Karen Jean Makas  }   APPEALED FROM:
(Toni Hamburg Clithero\*)        }
                                 }   Superior Court, Washington Unit,
                                 }   Probate Division
                                 }   CASE NO. 50-1-20 Wnpr
                                     Trial Judge: Jeffrey P. Kilgore

In the above-entitled cause, the Clerk will enter:

Appellant appeals directly to this Court from the probate division's denial of her motion to extend the appeal period.  As appellant acknowledges, this Court's jurisdiction in direct appeals from the probate division is limited to pure "questions of law" in direct appeals from the probate division.  12 V.S.A. § 2551; see also In re Estate of Johnson, 158 Vt. 557, 559 (1992) (explaining that Supreme Court "will review only 'pure' questions of law, the resolution of which do not depend upon factual distinctions and do not require review of the record").  Aside from pure questions of law, the civil division has "appellate jurisdiction of matters originally within the jurisdiction of the Probate Division of the Superior Court."  12 V.S.A. §§ 2553, 2555.  Appellant fails to show that this appeal involves a pure question of law, and we therefore dismiss it for lack of jurisdiction.

Appellant moved below for an extension of time in which to file a notice of appeal under Vermont Rule of Appellate Procedure 4(d).  She identified the various factors relevant to such a request and argued that they warranted an extension.  See In re von Turkovich, 2018 VT 57, ¶ 5, 207 Vt. 545 (identifying relevant factors for court's consideration, including "danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith," with "particular attention [given] to whether the delay was within the reasonable control of the movant" (quotations omitted)).

The decision whether to grant a motion to extend the time to file a notice of appeal is a factually driven discretionary decision for the probate division.  Id.  Review of such decision is for abuse of discretion only.  Id. ¶ 4.  Appellant's assertion that extending the appeal period would not prejudice appellees "as a matter of law," assuming arguendo this argument was raised below, does not transform the probate division's discretionary decision into a pure question of

law.  The probate division found here, in response to the argument that appellant raised below, that the delay in filing a notice of appeal was within appellant's reasonable control, and it thus denied her request for an extension.  Appellant essentially asks us to reweigh the evidence and reach a different conclusion, which we would not do even if we had jurisdiction over this case.  See, e.g., Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."); Ohland v. Ohland, 141 Vt. 34, 39 (1982) ("[W]here a matter of judicial discretion is involved, a ruling of the trial court will not be set aside because another court, or even this Court, might have reached a different conclusion.").  Because this case does not present a pure question of law, the appeal is dismissed for lack of jurisdiction.  Given our conclusion, we deny as moot appellant's motion to modify or vacate an earlier entry order in this case and her request to consolidate this case with another probate division case.

Appeal dismissed for lack of jurisdiction.


BY THE COURT:


Paul L. Reiber, Chief Justice


Harold E. Eaton, Jr., Associate Justice


Nancy J. Waples, Associate Justice